ANGELO S. SCOTTI *vs.* GEORGE S. BULLOCK.

Middlesex.   December 5, 1916. — January 5, 1917.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Frauds, Statute of.   Landlord and Tenant.   Assignment.*

The defendant in a summary process for the possession of certain land, brought by the owner of the land against him as a tenant at will to whom the plaintiff for cause had given the statutory fourteen days' notice in writing to quit the premises for non-payment of rent, cannot successfully defend the action on the ground that he is rightfully in possession of the land as the assignee of a lease in writing, where there is no evidence of an assignment in writing of the lease, because, under R. L. c. 127, § 3, in the absence of such an assignment in writing the defendant would be at best a tenant at will.

SUMMARY PROCESS for the possession of land. Writ in the Third District Court of Eastern Middlesex dated September 25, 1915.

On appeal to the Superior Court the case was tried before *Hitchcock*, J. The evidence tended to show that the property in question was owned by the plaintiff, that it formerly had been occupied by a tenant under a lease in writing and that, after the tenant's bankruptcy, it had been occupied by various persons and finally by the defendant. There was no evidence of an assignment in writing of the lease to the defendant. The defendant contended that the plaintiff had consented to and had accepted his occupation under the lease, and that he was fulfilling all the obligations which the lease placed upon him.

There also was evidence that more than two weeks before the date of the writ the plaintiff had given to the defendant a notice in writing under R. L. c. 129, § 12, to quit the premises for non-payment of rent and in that notice had stated that the defendant was a tenant at will of the premises.

At the close of the evidence a verdict was ordered for the plaintiff; and the defendant alleged exceptions.

*O. Storer*, for the defendant.

*E. A. Counihan, Jr., & F. W. Fosdick*, for the plaintiff, submitted a brief.

CROSBY, J. This is an action to recover possession of certain real estate under R. L. c. 181, as amended by St. 1914, c. 146, and St. 1915, c. 146. At the close of the evidence the presiding judge directed a verdict for the plaintiff, and the defendant excepted.

It is plain that upon the evidence the action of the judge was proper and that the plaintiff was entitled to recover, unless the defendant was entitled to the use and occupation of the premises as the assignee of a written lease thereof.

In 1908 the plaintiff made a written lease of a part of the premises described in the writ, to the "George L. Elliot Barrel Company, Inc.," for the term of fifteen years. The defendant contends that he is entitled to occupy the premises as the assignee of this lease, but there is no evidence to show that the lease was ever assigned to him by any instrument in writing.

There is a conclusive objection to the defendant's contention,

although neither party has referred to it. The R. L. c. 127, § 3, provides that "An estate or interest in land which is created without an instrument in writing signed by the grantor or by his attorney shall have the force and effect of an estate at will only, and no estate or interest in land shall be assigned, granted or surrendered unless by such writing or by operation of law."

It is plain that under this statute the defendant could have no interest in the premises except an estate at will. *Mathews* v. *Carlton,* 189 Mass. 285. *Emery* v. *Boston Terminal Co.* 178 Mass. 172. The entry must be

*Exceptions overruled.*