Banks, J.
This in an action in tort in which the plaintiffs recovered judgment, including multiple damages under G.L. C.93A, against the defendants upon their claim of misrepresentation in defendants’ sale of a residence in Andover. The specific findings and order of the trial court were as follows:
The Court finds for the plain tiff in the amount of $10,000.00 arrived at as follows:
$4,000.00 as the reduced value of the property which is a violation of C.93A, and the Court doubles the damages to $8,000.00.
The violation is based on the fraud and deceit of the defendant in not revealing the water problem and in not revealing the fact of the *32 drainage pipes located under ground.
In addition, the Court awards $2,000.00 in counsel fees under C.93A for a total of $10,000.00 as stated above.
From this judgment, the defendants have appealed. The report in which the appeal is presented, however, discloses scant grounds for any appeal and no basis for review by this Division. No specific questions of law were raised by requests for rulings. Instead the defendants have set forth under the heading “Basis for Appeal” the following:
The defendants allege that they are prejudiced by the allowance of said testimonies that are completely irrelevant to the issues of this case.
The defendants allege they are prejudiced by the issuance of said judgment as the allowance of Request for findings of Fact should preclude recovery on behalf of the defendants (sic).
The defendants allege they are prejudiced by the issuance of said judgment as silence cannot be construed as misrepresentation, or on these facts a violation of Chapter 93A.
With regard to the defendants’ first point, concerning irrelevant testimony, the allegation is that expert testimony was allowed into evidence as to the diminution in the value of the property as of the time of trial in 1985 rather than as of the time of sale in 1981. The defendant’s assertion is contested by the plaintiffs. Moreover, the report does not include the specific questions posed by the expert witness and the specific answers elicited. In the absence of this necessary evidence, no basis exists for any possible review by this Division of the defendants’ assertions. We note that in any event, the mere fact that a trial judge may have heard irrelevant evidence is, without more, no basis upon which to reverse his ultimate finding. No showing of harm has been demonstrated by the defendants and harmless error, were it to be found, would constitute no grounds for reversal. Dist./Mun. Cts. R. Civ. P. Rule 61; H.E. Fletcher Company v. Commonwealth, 350 Mass. 316 (1966).
The defendants’ second point appears to constitute little more than a confusion of the trial j udge’s finding that the pipes traversing the property did not change the flow of water, with the plaintiffs’ complaint of water damage unrelated to the pipes. Any real question of an alleged inconsistency between the court’s subsidiary and ultimate finding was waived by the defendants’ failure to file a motion for a new trial or motion to correct the inconsistency in the trial court. Godfrey v. Caswell, 321 Mass. 161 (1947); Viera v. Balsamo, 328 Mass. 37 (1951).
Any review of the defendants’ third issue is again precluded by the inadequacy of the report. The defendants appear to be endeavoring to raise an issue as to their duty to disclose hidden defects. This issue was neither raised in the trial court, nor properly preserved for review by this Division by the filing of a Dist./Mun. Cts. R. Civ. P., Rule 64(b) request for ruling of law.
In fact, the issue presented is not one of the defendants’ misrepresentation by silence, but of the admissibilityinto evidence of defendants’ representations made to and through a third party. At the time of their Viewing of the premises, the plaintiffs had noted evidence of water damage in the basement. The plaintiffs asked the real estate broker who then broached the subject with the defendant-sellers. The defendants responded that there was no water problem, and that the damage was attributable to an internal accident and not to a chronic, external condition. This evidence was elicited at trial through the testimony of the real estate broker. The basis of the defendants’ objection *33 at trial to the admissibility of this evidence and claim on this appeal is that the real estate broker was an agent ofthe defendant and without authority to bind the defendants by his statement. In his objection, the defendants are incorrect. No agency issues are raised by the testimony of the real estate broker as to what he merely repeated from one party to another as a conduit, nor are hearsay problems created by this recital of a statement offered not for the truth of the facts asserted, but offered to show simply that the statement was made. Glassman v. Barron, 227 Mass. 376, 382 (1931); Jamaica Pond Garage, Inc. v. Woodside Motor Livery, Inc., 236 Mass. 541 (1920).
The defendants having failed to establish any error, the report is, accordingly, dismissed.
Decision affirmed.