BESSIE SLAVIN[1] *vs.* RENT CONTROL BOARD OF BROOKLINE & another.[2] No. 87-1420. October 28, 1988. *Rent Control,* Eviction. Judicial review.

After an adjudicatory hearing pursuant to G. L. c. 30A, § 11, the defendant rent control board of Brookline (Board) denied the plaintiff land-

---

[1] Doing business as Summit Realty Trust (landlord).

[2] Donald Wiener (tenant).

lord a certificate of eviction against the defendant tenant, the certificate being the predicate to an action for summary process to evict. The landlord sought judicial review of the Board's decision in the District Court in Brookline. The District Court reversed the Board's decision, and, upon report, the Appellate Division affirmed the District Court. We reverse the action of the Appellate Division and reinstate the Board's decision.

Paragraph 14 of a form agreed between landlord and tenant (a tenant at will of a rent controlled unit in an apartment building) provided that: "Tenant shall not . . . permit the premises to be occupied for a period longer than a temporary visit by anyone except the individuals specifically named in the first paragraph of this tenancy, their spouses, and any children born to them hereafter, without first obtaining on each occasion the assent in writing of the Landlord." On the stated ground that the tenant was violating this lease provision by sharing the premises on a long term basis with a stranger to the lease, the landlord applied for a certificate of eviction. The application followed the language of article XXXVIII, § 9(a)(2), of the by-laws of the town of Brookline, which lists, as one of ten grounds for granting a certificate, that "the tenant has violated an obligation or covenant of his tenancy other than the obligation to surrender possession upon proper notice and has failed to cure such violation after having received written notice thereof from the landlord." The application was dated December 3, 1985. In fact the landlord had not previously sent written notice of the alleged violation to the tenant allowing him opportunity to "cure." And when, on December 10, 1985, the landlord did write to the tenant, it was not in a form contemplated by § 9(a)(2) but consisted of a notice "to quit and deliver up" by a given date.

The Board found that the landlord had not complied with § 9(a)(2). This is correct as a commonsense interpretation of the language of the subsection. Were the language less than clear, we would be bound to give weight to the interpretation put upon it by the Board as the administrative agency in charge. See *School Comm. of Wellesley* v. *Labor Relations Commn.*, 376 Mass. 112, 116 (1978); *Amari* v. *Rent Control Bd. of Cambridge*, 21 Mass. App. Ct. 598, 604-605 (1986). Cf. G. L. c. 30A, § 14. The District Court and the Appellate Division attempted to palliate the landlord's non-compliance with the by-law provision by suggesting that the tenant would not have cured even if properly notified before the application was filed. But the matter should not be left to divination, or so the Board was entitled to decide in the interests of simple, if moderately strict, administration.

We do not reach a further ground relied on by the Board in denying the certificate, namely, that the landlord's desire to evict was not in truth motivated by the tenant's violation of the covenant of the lease but was rather a reprisal for the tenant's attempt to organize a tenants' union. As to whether this can be a proper basis for refusing a certificate, or must rather be reserved as a defense for the tenant in the subsequent action for summary process — a question treated by the Appellate Division but on

which we express no opinion — counsel have called attention to various authorities, including G. L. 239, § 2A, and *Kahn* v. *Brookline Rent Control Bd.*, 394 Mass. 709 (1985).

The order of the Appellate Division is reversed. The judgment reversing the Board's decision is vacated and a judgment will enter affirming the Board's decision.

*So ordered.*

*David Wm. Adams* for Rent Control Board of Brookline.
*Herbert S. Lerman* for the plaintiff.
*Burton A. Nadler,* for Donald Wiener, was present but did not argue.