FRANCINE JACOBS *vs.* RENT CONTROL BOARD OF BROOKLINE & others.[1] No. 88-P-703. August 30, 1989. *Municipal Corporations,* Rent control, By-laws and ordinances. *Rent Control,* Eviction, Judicial review. *Landlord and Tenant,* Eviction. *Practice, Civil,* Review of action of rent control board. *Administrative Law,* Substantial evidence.

Section 9 of the rent and eviction control by-law, art. XXXVIII of the by-laws of the town of Brookline, requires a landlord seeking to evict a tenant first to apply for a certificate of eviction which will be issued only for one of the several grounds for eviction stated in the by-law.[2] The plaintiff

---

[1] Ira Grishaver and Linda Grisman.

[2] The by-law, in relevant part, reads:
   "Section 9. Evictions.
      "(a) No person shall bring any action to recover possession of a controlled rental unit unless: (1) the tenant has failed to pay the rent to which the landlord is entitled; . . . (8) the landlord seeks to recover possession in good faith for use and occupancy of himself . . . ."

(landlord) applied for a certificate to evict the defendants Grishaver and Grisman (tenants) and appealed to the Brookline Division of the District Court Department from a decision denying the certificate. The court reversed the board in a decision that was sustained by the Appellate Division. The board and the tenants have appealed.

Under St. 1970, c. 843, §§ 4 and 6, the board's order denying the certificate of eviction is reviewed by the standards of the State Administrative Procedure Act, as set forth in G. L. c. 30A, § 14, *Moulton* v. *Brookline Rent Control Board*, 385 Mass. 228, 232-233 (1982), *Kahn* v. *Brookline Rent Control Board*, 394 Mass. 709, 712 (1985), with the result that the board's findings must be sustained if they were supported by substantial evidence. *Entis* v. *Rent Control Board of Brookline*, 399 Mass. 158, 161 (1987).

The grounds stated in the landlord's application were, first, that the tenants had failed to pay her the rent to which she was entitled and, second, that she wished in good faith to recover the premises for her personal use (grounds 1 and 8, respectively; see note 2, *supra*). The board's findings were adverse to the landlord as to each.

Concerning the first ground: The board found that the rent the tenants were paying *was* the rent to which the landlord was entitled, despite her contention that she was entitled to more. On January 17, 1985, the landlord's attorney had sent a letter to the tenants purporting to raise the monthly rent from $575 to $672, effective March 1, 1985. (The maximum authorized rent had been raised by the board from $578 to $672 in January.) The letter did not purport to terminate the tenancy at will; it was simply an attempt unilaterally to raise the rent, an attempt which, in the absence of agreement by the tenants, was legally ineffective to alter the rent term of the tenancy agreement. See *Williams* v. *Seder*, 306 Mass. 134, 136-137 (1940); *Lowery* v. *Robinson*, 13 Mass. App. Ct. 982, 983 (1982). We agree with the board's contention that § 9(a)(1) of the by-law uses the words "the rent to which the landlord is entitled" to refer to the rent specified in the tenancy agreement rather than the maximum rent authorized under the provisions of the rent control by-law (recognizing, of course, that the latter limits the former). Apart from the deference courts customarily give to an agency's interpretation of such provisions, *H.N. Gorin & Leeder Management Co.* v. *Rent Control Bd. of Cambridge*, 18 Mass. App. Ct. 272, 276 (1984), *Slavin* v. *Rent Control Board of Brookline*, 26 Mass. App. Ct. 985, 986 (1988), this is the only construction that makes sense in context: i.e., a tenant's failure

"(b) A landlord seeking to recover possession of a controlled rental unit shall apply to the [b]oard for a certificate of eviction. . . . If the board finds that the facts attested to in the landlord's petition are valid and in compliance with paragraph (a), the certificate of eviction shall be issued.

"(c) A landlord who seeks to recover possession of a controlled rental unit without obtaining such certificate of eviction shall be deemed to have violated this by-law . . . ."

to pay the maximum rent authorized by law could not be thought a ground for eviction where the tenant is paying the lower rent called for by the terms of his tenancy agreement.

It was necessary for the board to determine the contractually binding rent if it was to apply § 9(a)(1) as thus construed. The board did not exceed its authority in determining that the January 17 letter was legally ineffective to raise the rent owed under the tenancy. The contrary view taken by the District Court judge and by the Appellate Division was predicated on authorities that are distinguishable[3] or that have been overruled.[4]

Concerning the second ground specified for eviction, there was support in the evidence for the board's finding that the landlord did not intend in good faith to occupy the premises for her own use. She had, in the recent past, sought and obtained a certificate of eviction on the same ground, then failed to occupy the premises herself. The pattern of her behavior in the previous months justified an inference that her real motive was to evict the tenants in retaliation for their complaints concerning the condition of the premises and their attempt to secure a rent reduction from the board.

The judgment is reversed, and a new judgment is to be entered declaring that the order of the board denying the certificate of eviction was within its authority and is affirmed.

*So ordered.*

*David Wm. Adams* for Rent Control Board of Brookline.
*A. Joseph Ross* for Ira Grishaver & another.
*Bruce A. Kraft* for the plaintiff.


---

[3] *Post* v. *Brookline Rent Control Bd.,* 1984 Mass. App. Dec. 251, was concerned with the power of the board to consider a tenant's defenses to the landlord's impending summary process action (as opposed to considering whether the landlord has proven a ground for eviction).

[4] *Slavin* v. *Rent Control Bd. of Brookline,* 1987 Mass. App. Dec. 168, was reversed in *Slavin* v. *Rent Control of Bd. of Brookline,* 26 Mass. App. Ct. 985 (1988).

