Dolan, PJ.
Article XXXVIII of the Brookline rent control by-law provides in relevant part as follows: “Section 9. Evictions, (a) No person shall bring any action to recover possession of acontrolledrentalunitunless:... (2) thetenanthasviolated an obligation or covenant of his tenancy.... If the board finds that the facts attested to in the landlord’s petition are valid... the certificate of eviction shall be issued....”
The appellant landlord (“landlord”) applied to the rent control board of Brookline (“board”) for a certificate of eviction seeking to evict two tenants (“appellee tenants”) on the ground that they had violated an obligation of their tenancy. The lease states: “The Lessee shall not assign nor underlet any part or the whole of the leased premises, nor shall permit the leased premises to be occupied for a period longer than a temporary visit by anyone except the individuals specifically named in the first paragraph of this lease, their spouses, and any children bom to them during the term of this lease or any extension or renewal thereof without first obtaining on each occasion the assent in writing of the Lessor.”
After a hearing the board found that the appellee tenants had allowed an unauthorized person to occupy their apartment without first obtaining the landlord’s written assent and issued the eviction certificate. Appellee tenants obtained judicial review under G.Lc. 30A, §14. The judge found error in the board’s conclusion that tenants “are assignees of the original lease and as such, are tenants atwill oftheoriginal lessees. The lessees sublet to them without lessor’s permission in violation of the lease covenant prohibiting it.” (emphasis added). The judge concluded that there was no substantial evidence that appellee tenants were assignees of the original lease and noted that they could not be both assignees of the original lease and subtenants. The judge annulled the board’s decision and ruled that the certificate of eviction should not be issued. Landlord appealed to this division. We agree that the board’s conclusion concerning the appellee tenants’ status as assignees was in error, but find that error harmless in the circumstances of this case.
The original lease between a prior owner and four original tenants (“original tenants”) began July 1,1983 and was to continue in effect from year to year until terminated by written notification. There was no evidence that written notice had ever been given to terminate the lease or that a surrender of an original tenant’s interest had ever occurred. By September, 1989 only one of the four original tenants was occupying the apartment, along with the two appellee tenants who took occupancy in 1986 and 1987 respectively. Neither of the two appellee tenants had the “assent in writing of the lessor” as provided in the lease. However, the board found that the landlord accepted rent from the appellee tenants and thereby waived the right to terminate the lease based upon their occupancy.
*126 In July, 1989, the last original tenant gave notice that he was vacating the apartment on September 1,1989 and terminating his tenancy. He indicated that the appellee tenants would continue to reside in the unit. Landlord responded that the appellee tenants were the only persons, after the departure of the last original tenant, with any claim of right to occupy the apartment, and that no subletting, or occupancy of the premises by anyone else would be permitted. On September 1,1989 an individual (“the new occupant”) moved into the apartment without the assent of the landlord. Landlord gave notice of the alleged breach of lease to the appellee tenants, the new occupant remained as an occupant, and landlord sought a certificate of eviction from the board.
Aresidential tenant’s obligation to obtain the assent in writing of the landlord before assigning the lease or subletting or permitting other occupants does not imply as a matter of law an obligation on the landlord’s part to act reasonably in withholding consent Slavin v. Rent Control Board of Brookline, 406 Mass. 458, 461-464 (1990). Therefore, if the lease restriction is applicable to the appellee tenants, the occupancy by the new occupant on September 1,1989 violated the anti-subletting provisions of the lease. If that restriction is not applicable, no such violation occurred.
After giving exclusive possession of the apartment to the four original tenants by way of a written lease, the landlord had no further possessory rights to give. Roberts v. Lynn Ice Co., 187 Mass. 402, 406 (1905). The original tenants had all possessory rights and could part with those possessory rights entirely, by way of assignment, or partially, by way of sublease. Appellee tenants’ rights to occupy the apartment must derive from the original tenants’ because landlord had no right to authorize their occupancy. Their occupancy without the assent of the landlord, made the lease voidable, but not void. Healthco, Inc. v. E&S Realty Associates, 400 Mass. 700, 702 (1987).
In order for the appellee tenants to be more than tenants at will of the original tenants, the appellee tenants must show compliance with G.Lc. 183, §3 which provides in part “no estate or interest in land shall be assigned, granted or surrendered unless by such writing or by operation of the law.” The record contains no evidence that the appellee tenants acquired their interest by way of a written instrument Their status is no more than tenants at will of the original tenants. Scotti v. Bullock, 225 Mass. 510, 512 (1917).
The board found that on September 1,1989, when the last original tenant vacated the apartment and the new occupant moved in, the original lease was still in effect because, by its terms, the lease would terminate on June 30,1990 as a result of the written notice from the last original tenant. The occupancy by the new occupant, without the assent of the landlord, was a breach of the lease. Landlord’s prior Mure to declare a breach of the lease when the appellee tenants took occupancy would not preclude landlord from declaring a new occupancy to be a breach of the lease because the lease contains a provision that “the waiver of one breach of any term, condition, covenant, obligation or agreement of this lease shall not be considered to be a waiver of that or any other term, condition, covenant, obligation, or agreement or of any subsequent breach thereof.”
However, if the original lease was terminated by surrender on September 1,1989, the result would be the same. Appellee tenants would be hold-over tenants at will of landlord. D.A. Schulte, Inc. v. Brockton Y.M.C.A.., 273 Mass. 335, 342 (1930). As holdover tenants at will, the terms and conditions specified in the written lease would continue, exceptso faras modified bymutualagreement. Wit v. Commercial Hotel Co., 253 Mass. 564, 570 (1925).
While the board incorrectly concluded that the appellee tenants were assignees of the original lease, it correctly concluded that they were tenants at will of the original tenants. The occupancy of the apartment by the new occupant would be a breach of the lease if appellee tenants are either assignees or tenants at will. Consequently, we conclude that the board’s findings relative to the appellee tenants are supported by *127 substantial evidence. The decision of the trial court is vacated. It is ordered that the board forthwith issue the certificate of eviction.
So ordered.