Dolan, P.J.
This action is an appeal by plaintiff (tenant) of the trial court’s decision affirming the defendant Brookline Rent Control Board’s (board) grant of a certificate of eviction to defendant Moshe Lustig (landlord). The purpose of the eviction is to permit landlord to remove an illegal unit from housing use. We affirm.
In 1981, a four dwelling unit building was legally converted to three units, with landlord occupying the unit that had been two units prior to conversion. Thereafter, in 1988, landlord illegally divided his unit back into two units and rented one of the units to tenant, while continuing to occupy the other unit. In 1989, tenant complained of the amount of rent being charged to him, and town officials became aware of the additional unit in the building.
The Building Department of theTown of Brookline (department) determined that an illegal unit had been created, and brought a criminal proceeding against the landlord to compel compliance with its order to recombine the two units into one unit. The landlord sought a certificate of eviction against tenant, under the provision of Article 38, Section 9(a) (10) of the Rent Control By-Law (by-law), in order to comply with the department order.
The decision of the board must be affirmed if it is supported by substantial evidence and is legally justifiable. Kahn v. Brookline Rent Control Board, 394 Mass. 709, 712 (1985). In considering the words of a statute, by-law or regulation, weight must be given to the meaning adopted by the board as the administrative agency in charge. Slavin v. Rent Control Board of Brookline, 26 Mass. App. Ct. 985, 986 (1988). Further, the court must construe that board’s by-laws and regulations so as to promote the object to be accomplished by the law, to wit, the removal of an illegal unit. Martin v. Rent Control Board of Cambridge, 19 Mass. App. Ct. 745, 748 (1985).
The combining of two units into one unit requires that either the occupancy of the landlord or the tenant must be terminated. The board reasoned that the landlord had been “punished” for his illegal conduct by the department^s order to remove the illegal unit, and that the board should not further punish the landlord for his illegal conduct by refusing to evict the tenant and causing the landlord to vacate the premises. Courts must “accord deference to an administrative interpretation of a statute.” Massachusetts Organization of State Engineers and Scientists v. Labor Relations Commission, 389 Mass. 920, 924 (1983), The board’s decision to authorize the eviction of the tenant is consistent with prior board decisions in similar cases. “There are situations, generally involving rulings within an agency’s discretion, in which an agency should provide ‘reasoned consistency’ between one administrative determination and the next...” Board of Assessors of Boston v. Ogden Suffolk Downs. Inc., 398 Mass. 604, 605-606 (1986).
*116 Tenant argues that landlord could have complied with the department order by means other than evicting him. He would impose as a precondition to the issuance of the certificate of eviction, that landlord exhaust his remedies to change the building back into a legal four-unit building. We find no such requirement in the by-law. The court must accord deference to the board’s interpretation of the by-law. Massachusetts Organization of State Engineers and Scientists, supra at 924.
Report dismissed.