Hurley, J.
The defendants Allan and James Tofias appeal from the judgment reversing the decision of the Brookline Rent Control Board (Board) allowing the defendants an increase in maximum allowable rents. We affirm the judgment of the District Court.
In late 1992, the defendants embarked on a replacement of the subject building’s plumbing system. This work entailed the replacement of water pipes, bathroom fixtures, kitchen faucets and garbage disposals in some of the units. The work was completed by the end of 1992. The defendants are the owners and landlords of rent controlled apartments in a 36 unit building in Brookline. The plaintiffs are tenants in that building. The defendants filed a petition with the Board pursuant to its Rule 1.111 “Short-form Petitions to Increase Rents for Capital Improvements” in order to obtain a dollar for dollar pass-through of the costs of the capital improvements. The plaintiff tenants objected and requested a hearing. In addition, the plaintiffs requested discovery relating to the actual net operating income of the property. The Board denied discovery beyond that related to the plumbing improvements. The Board permitted increases in the rents of the subject units. The plaintiffs filed this petition for review. The trial court reversed the Board and the defendants appealed.
The main issue raised in this appeal is whether the Board exceeded its authority in granting the rent increase. Pursuant to Article XXXVII, Section 5(c) of the ByLaws of the Town of Brookline, and C. 843 of the Acts of 1970, as amended, six factors are listed which must be considered by the Board in determining whether a controlled rental unit yields a fair net operating income. The By-law provides in relevant part:
“The following factors, among other relevant factors, which the Board by regulation may define, shall be considered in determining whether a controlled rental unit yields a fair net operating income:
1.) Increases or decreases in property taxes;
2.) Unavoidable increases or decreases in operating and maintenance expenses;
3.) Capital improvement®...;
4.) Increases or decreases in living space, services...;
5.) Substantial deterioration...;
6.) Failure to perform ordinary repair, replacement and maintenance.”
The plaintiffs sought information relating to operating expenses, capital *50 improvements and maintenance and repair, but these requests were deemed irrelevant to the issues raised by the Short-Form Petition. The plaintiffs were denied the opportunity to present any evidence that was not limited to the cost of the item specified in the Short-Form Petition. As interpreted by the Board, the factors listed in Section 5(c) were not relevant to the defendants’ petition to increase the rents.
Read together, the By-law and the enabling legislation (Acts 1970, C. 843) require the Board to consider the listed factors when determining a rent adjustment. In its conclusion of law No. 27, the Board concluded: “The Board does not require that the landlord show that the landlord is not receiving a fair net operating income in order to recover for capital improvement expenses. The Board allows short-form landlord petitions as a way to encourage capital improvements to be made to rent controlled properties. The rules governing Short-Form Petitions narrow the focus of the proceeding to the specific improvements under consideration.” This narrow focus is the rationale for denying the broader discovery requested by the tenants. While the Board has broad authority to promulgate regulations and administer the by-law, Scofield v. Berman & Son, Inc., 393 Mass. 95 (1984), the Board is additionally entitled to be accorded deference by a reviewing court in the determinations it makes. Slavin v. Rent Control Board Of Brookline, 26 Mass. App. Ct. 985 (1988). However, the Board is constrained by the authority given to it by the enabling legislation. The Board can only exercise its judgment and discretion as prescribed therein. Here, the Board is required to determine whether the controlled unit yields a fair net operating income. The Short-Form Petition approach allows the Board to ignore the factors it is required to consider in making the determination it is authorized to make. Since the Board did not consider those factors, its decision is not legally justified. Sherman v. Rent Control Board Of Brookline, 367 Mass. 1 (1975).
We affirm the decision of the Brookline Division reversing the Board’s decision.