EDWARD E. ZUKER, trustee,[1] vs. CLERK-MAGISTRATE OF THE
BROOKLINE DIVISION OF THE DISTRICT COURT DEPARTMENT
OF THE TRIAL COURT & others[2] (and a consolidated case[3]).

Suffolk. November 4, 1996. - December 6, 1996.

Present: WILKINS, C.J., O'CONNOR, GREANEY, & MARSHALL, JJ.

*Rent Control,* Rent increase. *Jurisdiction,* Judicial review of administrative
action. *Escrow.*

The rent control law, St. 1970, c. 843, as applicable before the voters of the
   Commonwealth approved the provisions of the Massachusetts Rent
   Control Prohibition Act, St. 1994, c. 368, providing that decision of a
   rent control board was subject to judicial review under G. L. c. 30A,
   § 14, in the District or Superior Court, made review of such decisions
   under G. L. c. 231, § 97, inapplicable, and an appeal brought in the
   Superior Court under that section was correctly dismissed. [859-861]
Civil actions between a landlord and tenants and a rent control board,
   which arose before the abolishment of rent control and in which a
   District Court judge had properly established an escrow account into
   which rents were paid, were remanded to the District Court for ap-
   propriate distribution of the funds held in escrow, taking into account
   changes in the status of the parties, any adjustments in rent that may
   properly be due the landlord, the applicable provisions of St. 1994,
   c. 282, and other relevant factors. [861-862]


COMPLAINT filed in the Brookline Division of the District
Court Department on May 1, 1991.

On removal to the Superior Court Department, the case
was heard by *Elizabeth Butler, J.*

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

CIVIL ACTION commenced in the Supreme Judicial Court
for the county of Suffolk on November 29, 1995.

---

[1]Of the Hancock Village Realty Trust.

[2]The rent control board of Brookline and Ruth Anderson and the other
tenants (in the consolidated case).

[3]Ruth Anderson & others *vs.* Rent Control Board of Brookline & an-
other.

The case was heard by *Lynch*, J.

*Mark D. Stern* (*John L. Mason, Jr.,* with him) for Ruth Anderson & others.

*James W. Murphy* for Edward E. Zuker.

GREANEY, J. The consolidated appeals in these cases arise out of a dispute between a landlord, Edward E. Zuker, trustee of the Hancock Village Realty Trust (landlord); about 130 of his tenants, including the named plaintiff, Ruth Anderson, and others (tenants); and the rent control board of Brookline (board). The board had approved the landlord's application to increase the rents on the units occupied by the tenants, but a judge in the Brookline Division of the District Court Department, after review under the standards set forth in G. L. c. 30A, § 14 (1994 ed.), vacated the board's decision. The appeal (which we transferred to this court from the Appeals Court on our own motion) concerns the dismissal by the Superior Court, for lack of jurisdiction, of the landlord's appeal under G. L. c. 231, § 97 (1994 ed.), which sought de novo review of the Brookline District Court judgment. We affirm the judgment. The appeal in the other case concerns a judgment entered pursuant to G. L. c. 211, § 3 (1994 ed.), in the Supreme Judicial Court for Suffolk County, which vacated a real estate attachment ordered by the Brookline District Court and orders of that court providing for payment of rents into an escrow account pending resolution of the litigation over the board's decision. We reverse the judgment that vacated the orders. There remains an issue as to the distribution of the funds held in escrow, which we remand to the Brookline District Court for further proceedings.

The following background frames the issues on appeal. On May 1, 1991, the tenants filed, as a "class," a petition (which was subsequently amended) in the Brookline District Court seeking judicial review and other relief, in connection with the board's decision granting the landlord an upward adjustment in rents. The landlord filed an answer and a cross claim. On June 28, 1991, while the case was pending, a District Court judge ordered the landlord to deposit certain amounts of the rent increase into an interest-bearing account to be held in the clerk-magistrate's office of the Brookline District Court. The order sought to make funds available in the event the tenants ultimately prevailed on their challenge to the board's decision.

On December 11, 1991, the judge vacated the board's decision, concluding that it was deficient in several respects. The decision was remanded to the board for additional findings of fact and rulings of law. On July 28, 1992, the board issued a new decision that essentially reiterated its prior determinations. The same judge who had ordered the remand reviewed the board's new decision and concluded that the board had failed to comply with the remand order. The judge also concluded that the board's new decision was not supported by substantial evidence and was, in some respects, arbitrary and capricious. On November 27, 1992, a judgment entered in the Brookline District Court annulling the board's decision and declaring the lawful rents to be those prevailing as of November, 1989, when the landlord's application for an increase in rents had been made to the board. The judge also ordered that the landlord's cross claim be dismissed with prejudice. The landlord claimed an appeal from the Brookline District Court judgment to the Superior Court pursuant to G. L. c. 231, § 97 (1994 ed.), and a request for a report to the Appellate Division of the District Courts pursuant to G. L. c. 231, § 108 (1994 ed.). The board also claimed an appeal to the Superior Court under G. L. c. 231, § 97, and a separate request for report to the Appellate Division under G. L. c. 231, § 108. After lengthy procedural disputes, which we need not recount, the case papers in the Brookline District Court were transmitted to the Norfolk Superior Court and docketed in that court on January 20, 1993. On August 25, 1995, after additional prolonged procedural disputes, a judge in the Superior Court concluded that that court lacked jurisdiction over the appeal, and a judgment of dismissal entered.

The companion case began by a contempt petition filed in the Brookline District Court by the tenants. On November 24, 1995, a judge of that court concluded that, in view of the judgment dismissing the case in the Superior Court, the Brookline District Court had "the power to issue orders designed to preserve the security and effectiveness of [the tenants'] judgment." The judge approved a real estate attachment on the landlord's property and ordered that "[b]eginning December 1, 1995, those [tenants] who still reside in the subject premises may pay, through counsel, half their rent to the Clerk Magistrate to be added to the existing escrow account . . . ." That escrow account, as of November 24, 1995,

contained $73,438.88. The landlord brought a petition challenging the orders pursuant to G. L. c. 211, § 3, in the Supreme Judicial Court for Suffolk County, where a judgment entered vacating the orders.

While the above-described litigation was proceeding, the voters of the Commonwealth, on November 8, 1994, approved the Massachusetts Rent Control Prohibition Act, St. 1994, c. 368, which terminated rent control effective January 1, 1995. This law contained no savings clause. See G. L. c. 40O (1994 ed.) (second c. 40O). Thereafter, the Legislature enacted St. 1994, c. 282, effective January 1, 1995, a limited transitional statute designed to alleviate hardship that might be suffered by certain tenants in rent controlled units. This statute did not revive rent control,[4] but provided for certain rights and procedures in order to bring about the orderly termination of rent control. Section 5 of St. 1994, c. 282, also eliminated the previous authority of rent control boards to set rents and established a mechanism by which landlords could annually increase rents for eligible tenants by 5% of the rent previously charged or 30% of the unit occupants' income, whichever was higher. Section 9 of St. 1994, c. 282, calls for the termination of the transitional law on December 31, 1996.

1. In view of the abolition of rent control, it is not necessary to deal extensively with the landlord's argument that the Superior Court should not have dismissed his appeal under G. L. c. 231, § 97.[5] The rent control law governing the board's decision in this case, St. 1970, c. 843, provided in § 4

---

[4]Section 8 of St. 1994, c. 282, provides that "[n]otwithstanding any general or special law to the contrary, no city or town shall have authority to enact, implement, maintain, administer or enforce rent control except to the extent expressly set forth in this act, and all such authority shall cease [on December 31, 1996]." Section 8 goes on to provide that "[n]o provision of this act shall be deemed to authorize the reimposition of any form of control, restriction or regulation on any units which have been decontrolled or exempted pursuant to any existing system of rent control or pursuant to this act."

[5]As pertinent, § 97 reads: "[A] party aggrieved by the judgment of a district court in a civil action which could not have been removed to the superior court may appeal therefrom to said court . . . . The case shall be entered in the superior court . . . and shall be tried and determined as if originally entered therein." This statute provides a vehicle for appeal when an independent statutory right to appeal exists without a corresponding procedural mechanism. See *Godfrey* v. *Chief of Police of Wellesley*, 35 Mass. App. Ct. 42, 45 (1993).

that such a decision was subject to judicial review under the standards set forth in G. L. c. 30A, § 14, and in § 5 that the "Brookline Municipal Court" and the Superior Court had concurrent jurisdiction to conduct such a review.[6] In our view, the provisions conferring concurrent jurisdiction on the District and Superior Courts to review the board's decision under G. L. c. 30A, § 14, should be construed to conserve judicial resources by avoiding duplicate review by two trial court judges. We conclude that the provisions had the effect of making the operative basis of § 97 inapplicable, so that the landlord's appeal should have proceeded under G. L. c. 231, § 108, and applicable District Court rules governing appellate practice, to the Appellate Division of the District Courts. See *Freedman* v. *Rent Control Adm'r of Cambridge*, 1 Mass. App. Ct. 836, 836 (1973) (§ 97 applies only where "an action cannot be brought in the Superior Court and the parties have no election as to the forum"); M.G. Perlin & J.M. Connors, Civil Procedure in the Massachusetts District Court § 2.12, at 32 (2d ed. 1990) (§ 97 is "applicable only to cases that must be commenced in District Court").[7] The judge in the Superior Court correctly dismissed the landlord's appeal taken

[6]The prior statute governing rent control, St. 1970, c. 842, provided in § 10 (a) for exclusive review of the board's decisions in the District Court. This statute expired on April 1, 1975. St. 1970, c. 842, § 13.

[7]In reaching this conclusion, we are mindful that, because the tenants elected to bring their petition for review in the Brookline District Court, the landlord had no right or opportunity to have the case considered in the Superior Court. We view this consequence as having no significance to the result because the grant of concurrent jurisdiction in St. 1970, c. 843, § 5 (a), essentially eliminates the concept of sequential review that had prevailed under the provisions of St. 1970, c. 842, § 10 (a), and G. L. c. 231, § 97. The landlord's rights were sufficiently protected by the opportunity to have one full trial court review of the board's decision under the standards set forth in G. L. c. 30A, § 14, followed, if he chose, by appellate review. We are also mindful of the language in *Walker* v. *Board of Appeals of Harwich*, 388 Mass. 42, 49 n.6 (1983), that "[i]n the area of administrative law, further review by the Appellate Division of petitions for review has not been favored, absent an unambiguous legislative intent to the contrary." It appears, however, that the Appellate Division of the District Courts has assumed jurisdiction of appeals involving judicial review under G. L. c. 30A, § 14, of matters decided by the board. See, e.g., *Siletchnik* v. *Brookline Rent Control Bd.*, 1991 Mass. App. Div. 125, aff'd, 34 Mass. App. Ct. 1113 (1993); *McPherson* v. *Brookline Rent Control Bd.*, 1989 Mass. App. Div. 126; *Dwarakanath* v. *Brookline Rent Control Bd.*, 1988 Mass. App. Div. 127; *Jacobs* v. *Brookline Rent Control Bd.*, 1988 Mass. App. Div. 31, rev'd, 27 Mass. App. Ct. 1186 (1986).

pursuant to G. L. c. 231, § 97. We also see no reason to exercise our discretion to grant the landlord's request that we exercise "the broad powers of the appellate courts," *Foreign Auto Import, Inc.* v. *Renault Northeast, Inc.*, 367 Mass. 464, 469 (1975), and allow him a late appeal. See generally *Jones* v. *Manns*, 33 Mass. App. Ct. 485, 490-491 (1992).

2. We are left with the question of how the case should proceed from here.

(a) We reject the landlord's argument that all proceedings have become moot. It is true that, due to the abolition of rent control, the board no longer exists and consequently there is no local agency that can deal with any aspect of a rent increase. The funds in the escrow account, however, must be distributed. The Brookline District Court, which holds the escrow account, has jurisdiction to make an appropriate distribution. That court also had authority to enter the order of attachment and the orders establishing the escrow account to provide security while the litigation over the board's decision proceeded to a conclusion. The petition by the landlord under G. L. c. 211, § 3, to the Supreme Judicial Court for Suffolk County to vacate these orders should have been denied, and the single justice's decision that the orders were improper does not, as the landlord contends, fall within the class of discretionary determinations that usually are not set aside on appeal.

(b) The landlord also maintains that the abolition of rent control renders moot the judgment of the Brookline District Court annulling the board's decision, reestablishes the board's decision that granted him rent increases, and entitles him to all the funds in the escrow account. For this proposition, the landlord relies on *Nayor* v. *Rent Bd. of Brookline*, 334 Mass. 132, 135-136 (1956), where it was held that the termination of a previous Brookline rent control statute without a savings clause made moot a pending complaint by a tenant challenging a decision by the board allowing a landlord an increase in rent. The tenants contend, on the other hand, that the abolition of rent control requires the enforcement of the last extant judgment in the case, namely the judgment that annulled the board's decision and established the rents at the levels existing in November, 1989, when the landlord's application was filed. For this proposition, the tenants rely on *Miller* v. *Emergency Hous. Comm'n*, 330 Mass. 693, 699-700 (1953). In this

decision, the court referred to the general principle stated in *New London N.R.R.* v. *Boston & Albany R.R.*, 102 Mass. 386, 389 (1869), that the repeal of a statute without a savings clause "makes it ineffectual to support any proceedings, whether not yet begun, or pending at the time of its passage, and not already prosecuted to final judgment vesting absolute rights." *Miller, supra* at 699. Notwithstanding this principle, the court concluded that a judgment nunc pro tunc could be entered in an appropriate case "to prevent a failure of justice resulting, directly or indirectly from delay in court proceedings subsequent to a time when a judgment, order or decree ought to and would have been entered, save that the cause was pending under advisement." *Miller, supra* at 699-700, quoting *Perkins* v. *Perkins,* 225 Mass. 392, 396 (1917). See *Almeida Bus Lines, Inc.* v. *Department of Pub. Utils.*, 348 Mass. 331, 337-338 (1965), and cases cited.

Since the landlord's pursuit of a nugatory appeal to the Superior Court under G. L. c. 231, § 97, was a major factor in the lengthy delay, it would not be appropriate to apply the rule of the *Nayor* decision in his favor. We think the matter is better handled by permitting the Brookline District Court judge to distribute the funds in the escrow account, using as a beginning point, as the tenants suggest, the judgment that annulled the board's decision. The judge should consider changes in the status of the parties over the years, any adjustments in rent that may be properly due the landlord, the applicable provisions of the transitional statute, St. 1994, c. 282, and any other relevant factors. The judge and the parties may wish to explore the use of mediation or arbitration to resolve the issue.

3. The judgment of the Superior Court dismissing the landlord's appeal from the judgment entered in the Brookline District Court is affirmed. The judgment of the Supreme Judicial Court for Suffolk County vacating the orders of the Brookline District Court is reversed, and the orders in question are affirmed. The cases are remanded to the Brookline District Court for further proceedings with respect to the escrow account consistent with this opinion.

*So ordered.*