DEBORAH LEWIS *vs.* JOSEPH WALCOTT & another.[1]

No. 96-P-1716.

Suffolk. May 13, 1998. - July 26, 1999.

Present: WARNER, C.J., SMITH, & PORADA, JJ.

*Rent Control,* Rent overcharge. *Consumer Protection Act,* Landlord and tenant. *Landlord and Tenant,* Consumer protection, Rent.

The repeal of rent control on January 1, 1995, effected by G. L. c. 40P, did not nullify a cause of action, filed in 1991, alleging overcharge of rent in violation of Ordinances, c. 34 (1984) of the city of Boston, violations of G. L. c. 93A and the State sanitary code, and unlawful reprisal in violation of G. L. c. 186, § 18, in which an amended judgment allowing attorney's fees and costs was issued on January 9, 1995, where the defendants' liability had been established by a judgment dated September 30, 1994, and where the delay in resolving the issue of attorney's fees was not attributable to the plaintiff: the judgment of January 9 was deemed to have been issued nunc pro tunc to the date of the earlier judgment. [396-397]
A claim alleging violation of G. L. c. 93A was remanded for detailed findings of fact in support of the rulings that the defendants' conduct was in violation of the statute and that the defendants failed to make a reasonable settlement offer within thirty days of the plaintiff's demand. [397-399]

CIVIL ACTION commenced in the City of Boston Division of the Housing Court Department on October 24, 1991.

The case was heard by *Herman J. Smith, Jr.,* J., and a motion for relief from judgment and to dismiss was heard by *E. George Daher,* J.

*Martin Jacobs* for the defendants.

*Burton A. Nadler* for the plaintiff.

SMITH, J. On March 3, 1983, the plaintiff, Deborah Lewis, and her companion moved into an apartment on Massachusetts Avenue in Boston (premises). The companion had rented the premises from the defendants Joseph Walcott and the Walcott Family Trust. The rent initially was $450 per month, then it

---

[1]Walcott Family Trust.

increased annually by $50 per month for the next three years; by January, 1986, the plaintiff and her companion were paying $600 per month, a sum they continued to pay until July of 1990.

On July 23, 1990, the companion died. The plaintiff continued to reside on the premises but July was the last month she paid rent. After receiving a notice to quit from the defendants for nonpayment of rent, the plaintiff inquired as to the status of the apartment (i.e., was it subject to rent control) with the Boston Rent Equity Board (board). In late August, the board issued to the defendants, among other things, a notice of nonregistration of a rent controlled property.

The defendants subsequently registered the property with the board which, in April, 1991, established the maximum legal rent to be $158 per month. That same month, the defendants filed an application for a certificate of eviction, again for nonpayment of rent. On May 13, 1991, the board denied the defendants' application, ruling that the plaintiff did not owe any rent to the defendants. Rather, the board found that the defendants had overcharged the plaintiff from 1983 through July of 1990.

On May 30, 1991, the defendants again tried to evict the plaintiff, this time allegedly for allowing an illegal subtenant, the plaintiff's son, to reside with her. On August 15, 1991, the board again denied the defendants' application for eviction, and found that the defendants had filed the application in order to harass the plaintiff for reporting the defendants' failure to register the property with the board.

On October 24, 1991, the plaintiff filed a claim in the Boston Housing Court, alleging that she had been overcharged on her rent in violation of Ordinances, c. 34 (1984) of the city of Boston (ordinance). In conjunction with this claim, the plaintiff also alleged that the defendants had violated both G. L. c. 93A and the State sanitary code (code), and had engaged in an unlawful reprisal against the plaintiff in violation of G. L. c. 186, § 18.

On September 30, 1994, after a jury-waived trial, a judge of the Housing Court issued findings of fact, conclusions of law, and an order for judgment in favor of the plaintiff. The judge awarded damages in the amount of $38,448 for the violation of G. L. c. 93A; $25 as nominal damages for the violation of the code, 105 Code Mass. Regs. §§ 410.190 and 410.201; and

$1,800 for the violation of G. L. c. 186, § 18. The judge further ordered that the plaintiff file a motion for attorney's fees and costs. The plaintiff complied on October 18, 1994.

However, on November 8, 1994, rent control was legislatively abolished effective January 1, 1995. See G. L. c. 40P (Rent Control Prohibition Act). On January 4, 1995, the Legislature passed St. 1994, c. 282, the purpose of which was to alleviate the hardship to certain tenants of a sudden end to their rent control status. Five days later, on January 9, 1995, the Housing Court judge issued an amended judgment and order allowing attorney's fees in the amount of $15,777, and costs in the amount of $272.50. After a variety of procedural meanderings, the defendants filed an amended notice of appeal, which challenged the amended judgment.

On appeal, the defendants claim that (1) the repeal of the rent control ordinance nullified the plaintiff's cause of action and (2) the judge committed error in awarding damages under G. L. c. 93A.

1. *Repeal of rent control.* In support of their argument, the defendants note that G. L. c. 40P was enacted without a "saving clause." Therefore, the defendants argue, "[a] statute which wholly repeals an earlier one, either expressly or by implication, without any saving clause, makes it ineffectual to support any proceedings, whether not yet begun, or pending at the time of its passage, and not already prosecuted to final judgment vesting absolute rights." *Pittsley* v. *David*, 298 Mass. 552, 555 (1937), quoting from *New London N. R.R.* v. *Boston & Albany R.R.*, 102 Mass. 386, 389 (1869). See *Nayor* v. *Rent Bd. of Brookline*, 334 Mass. 132, 135-136 (1956).[2] We reject the defendants' argument.

Courts possess inherent power in appropriate cases to enter a judgment nunc pro tunc. *Diggs* v. *Diggs*, 291 Mass. 399, 402 (1935). Such a judgment is appropriate in order to prevent an action " 'from being defeated by the lapse of time necessary for its judicial consideration, and to order judgment to be entered as of the day when the case was heard and reserved for . . . determination.' Similarly, a nunc pro tunc order for judgment on

---

[2]The decision in *New London N. R.R.* v. *Boston & Albany R.R., supra,* has been limited in its application, see *Gray* v. *Commissioner of Rev.*, 422 Mass. 666, 670 (1996); *Dupont* v. *Commissioners of Essex County*, 46 Mass. App. Ct. 235, 238 (1999), and its vitality has been questioned. See *Miller* v. *Emergency Hous. Commn.*, 330 Mass. 693, 699-700 (1953).

a verdict may properly be entered in order to prevent a miscarriage of justice where a statute on which liability is founded has been repealed after the verdict." *Almeida Bus Lines, Inc.* v. *Department of Pub. Util.*, 348 Mass. 331, 338 (1965), quoting from *Agawam* v. *County of Hampden*, 130 Mass. 528, 529 (1881).

In *Zuker* v. *Clerk-Magistrate of the Brookline Div. of the Dist. Ct. Dept.*, 423 Mass. 856, 861 (1996), the Supreme Judicial Court, citing *Miller* v. *Emergency Hous. Commn.*, 330 Mass. 693, 699-700 (1953), determined, on facts similar to those presented here, that, regardless of whether the repeal of the rent control statute should be applied retroactively, a judgment nunc pro tunc could be appropriate. The court in *Zuker* noted *Miller*'s rationale that "a judgment nunc pro tunc could be entered in an appropriate case 'to prevent a failure of justice resulting, directly or indirectly from delay in court proceedings subsequent to a time when a judgment, order or decree ought to and would have entered, save that the cause was pending under advisement.' " *Zuker* v. *Clerk-Magistrate of the Brookline Div. of the Dist. Ct. Dept.*, *supra* at 862, quoting from *Miller* v. *Emergency Hous. Commn.*, *supra* at 699-700.

Here, the defendants' liability had been established as of the September 30, 1994, judgment in the Housing Court. There, the judge stated that he would award attorney's fees, and he ordered the plaintiff to submit a motion for attorney's fees accompanied by supporting affidavits within thirty days. As stated above, the plaintiff filed her motion on October 18, 1994. However, the judge did not act on it until January 9, 1995, nearly three months after the plaintiff filed her motion and a scant eight days after the Rent Control Prohibition Act had become effective. A defendant should not be able to escape liability through such an occurrence. This is not a case where the repeal of a statute caused a plaintiff to lose a cause of action when suit had not yet been filed. Contrast *Parello* v. *McKinney*, 46 Mass. App. Ct. 785, 791-792 (1999). Because liability had already been established and the only issue unresolved was the amount of attorney's fees and costs, the repeal of rent control did not nullify the plaintiff's cause of action. Therefore, a judgment nunc pro tunc would be appropriate in this case.

2. *The c. 93A issue.* The judge ruled that the rent overcharges were not only a violation of the ordinance but also of c. 93A.

There is no question that the ordinance and c. 93A provide

separate and distinct remedies for parties to recover rental overcharges. *Rita* v. *Carella*, 394 Mass. 822, 827 (1985).[3] There are several decisions in which rent overcharging in violation of a rent control statute has also been found on particular facts to constitute a violation of c. 93A. See *McGrath* v. *Mishara*, 386 Mass. 74, 82-83 (1982); *Scofield* v. *Berman & Sons, Inc.*, 393 Mass. 95, 107-108 (1984); *Rita* v. *Carella, supra* at 823-824.

In this matter, the judge found two independent violations of c. 93A: (1) an intentional and wilful violation of the ordinance and (2) the defendants' failure to make a reasonable settlement offer within thirty days of the demand.

With regard to the first violation, an intentional and wilful violation of the ordinance, by itself, is not enough to establish a violation of c. 93A. See *Mechanics Natl. Bank of Worcester* v. *Killeen*, 377 Mass. 100, 109 (1979) ("not every unlawful act is automatically an unfair [or deceptive] one under G. L. c. 93A"). There must be other facts that are present in addition to the violation in order to have a rent overcharge be found to be an unfair or deceptive act.

The judge failed to make detailed findings of fact on the plaintiff's c. 93A claim as required by Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974). See *Montanez* v. *Bagg*, 24 Mass. App. Ct. 954, 955 (1987). The judge first considered whether the rent overcharge constituted an intentional and wilful violation of the ordinance. The judge ruled that the violation was indeed intentional and wilful because the defendants owned the property where the plaintiff resided since the latter part of the 1970's and also owned other rental property. The judge then ruled that "these actions" also violated c. 93A. We are at a loss as to what "actions" the judge was referring to in ruling that the defendants violated c. 93A.

Moreover, the judge failed to make any findings sufficient to support his ruling that the defendants' settlement offer was not reasonable.

After reviewing the record before us, we deem it necessary to

---

[3]The judge stated that although the c. 93A award was based in part on the rent overcharge, he had awarded damages pursuant to the statute rather than the ordinance because, while both permit treble damages, G. L. c. 93A has a longer statute of limitations (four years, as opposed to one year for the ordinance). The judge properly recognized that the plaintiff was not entitled to cumulative damages under either the ordinance or G. L. c. 93A. See *Scofield* v. *Berman & Sons, Inc.*, 393 Mass. 95, 103 n.12, 106-107 (1984).

remand this case in order that the judge may explicate the grounds for his conclusion that the defendants violated c. 93A. See *Leader* v. *Hycor, Inc.*, 395 Mass. 215, 224 (1985).

*So ordered.*