LAURA DALEY LYNCH & another[1] *vs.* NICHOLAS ABRAHAM. October 28, 1976. The defendant (landlord) appeals from a Superior Court judgment which awarded the plaintiffs (tenants) $5,300 as liquidated damages, $1,500 in attorney's fees, and their costs as a result of the landlord's demand for the payment of rent in excess of the maximum lawful rent permitted under St. 1970, c. 842 (hereinafter the Rent Control Act), which was in effect in Brookline at the time of the landlord's demand. The landlord also appeals from the denial of his motion for a new trial which was based on the landlord's asserted unavailability to testify at the time of trial. The case was presented on a stipulation of facts which indicated that the lawful rent for the leased premises, a "controlled rental unit," had been established in October, 1971, by the rent control board of Brookline at $300 a month. The landlord did not appeal that determination. In July, 1972, the landlord demanded $5,300

---

[1] A. Bonnie Smith, a cotenant.

from the tenants as rent then due from the tenants under their lease and commenced an action to collect that amount. That amount was not due from the tenants under the restraints of rent control, although it was substantially the amount due under the terms of the applicable lease, which had been executed in October, 1970, for a term which commenced September 1, 1970. The tenants commenced this action based on St. 1970, c. 842, § 11 (a), which provides in part that "[a]ny person who demands . . . any payment of rent in excess of the maximum lawful rent, in violation of the provisions of this act . . . shall be liable as hereinafter provided to the person from whom such payment is demanded . . . for reasonable attorney's fees and costs as determined by the court, plus liquidated damages in the amount of [$100], or not more than three times the amount by which the payment or payments demanded . . . exceed the maximum rent which could be lawfully demanded . . . whichever is the greater; provided that if the defendant proves that the violation was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation, the amount of such liquidated damages shall be the amount of the overcharge· or overcharges." A judge of the Municipal Court of Brookline found for the tenants, awarded no liquidated damages, but did allow $500 in attorney's fees. The tenants appealed to the Superior Court. After the Superior Court judge's determination in the tenants' favor and the landlord's appeal, we transferred the case here on our own motion. The landlord's principal contention is that the judge was not warranted in finding that the landlord's demand was wilful. However, the judge's finding that the landlord's conduct was wilful was not essential to his determination against the landlord because § 11 (a) of St. 1970, c. 842, places the burden on a landlord to prove that any violation was not wilful and thus limit his liability to the amount of the overcharge. The landlord did not meet that burden. He presented no evidence to explain why he made the demand on the tenants. Moreover, since the Superior Court judge awarded liquidated damages only in the amount of the overcharge, a finding of the landlord's wilfulness was not essential to the judge's conclusion. In any event, a finding of wilful conduct was warranted on the facts as stipulated. Although the demand for the overcharge was made before our decision that the Rent Control Act applied to leases executed prior to the enactment of that act (*Huard v. Forest St. Housing, Inc.,* 366 Mass. 203, 206 [1974]), a finding was not required that the landlord's conduct was not wilful, particularly here where the lease was executed after the town adopted St. 1970, c. 842, and the landlord knew that the local rent control board had determined that a rent of $300 a month applied to the premises. The judge did not abuse his discretion in denying the landlord's motion for a new trial. We need not discuss the landlord's claims that the Rent Control Act violates certain provisions of the Constitution of the United States because these claims are merely asserted without any supporting argument.

> *Order denying motion for*
> *new trial affirmed.*
> *Judgment affirmed.*

*Nicholas A. Abraham & Carolyn Thayer Ross,* for the defendant, submitted a brief.
*Herbert S. Lerman* for the plaintiffs.