MARIE RITA vs. GUIDO F. CARELLA & another.[1]

Suffolk. February 6, 1985. — May 16, 1985.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Consumer Protection Act,* Landlord and tenant, Damages. *Rent Control,*
Rent overcharge, Damages. *Damages,* Consumer protection case, Rent
control. *Limitations, Statute of.*

In an action by a tenant seeking damages based upon rental overcharges by
her landlords during a period of some six years in which the defendants'
conduct was found to violate both G. L. c. 93A, and c. 15, § 9, of the
Boston Ordinances of 1975, the four-year statute of limitations applicable
to actions under c. 93A, rather than the one-year period of limitations
set forth in the ordinance, applied to the plaintiff's claim under c. 93A,
enabling her to recover damages for a period of time for which a cause
of action under the ordinance was time-barred. [825-827]

In an action by a tenant seeking damages as a result of her landlords'
charging her rent in excess of the maximum lawful rent established by
the Boston rent board, there was no merit to the landlords' contention
that the judge erred in awarding multiple damages under c. 15, § 9, of
the Boston Ordinances of 1975 because he failed to take into account
the tenant's "full knowledge and complicity" in paying rent in excess
of the amount authorized by the board. [827-829]

CIVIL ACTION commenced in the City of Boston Division
of the Housing Court Department on August 27, 1982.

The case was heard by *Patrick J. King,* J., and was reported
by him to the Appeals Court. The Supreme Judicial Court on
its own initiative transferred the case.

*Daniel Solomon* for the defendants.
*Patrick C. Hall* for the plaintiff.

NOLAN, J. After trial, a judge of the Housing Court of the
City of Boston found that the defendants requested and received
rent from the plaintiff in excess of the maximum lawful

---

[1] Marie N. Carella.

rent established by the Boston rent board (board). He ruled that the defendants' conduct was in violation of both the Consumer Protection Act, G. L. c. 93A, and c. 15, § 9, of the Boston Ordinances of 1975 (ordinance).[2] Noting that the ordinance contains a one-year limitation of action, while a four-year statute of limitations applies to actions under G. L. c. 93A, the judge reported the question whether the plaintiff could recover damages under G. L. c. 93A for that period of time when a cause of action under the ordinance was time-barred. For the reasons set forth below, we answer "yes."

With respect to the one-year period prior to the date that the plaintiff filed her complaint, the judge entered judgment for the plaintiff under the ordinance. Finding that the defendants' conduct was wilful, the judge awarded treble damages to the plaintiff. The defendants have appealed from this portion of the judge's decision, arguing that the judge erred in awarding punitive damages to the plaintiff. There was no error.

The judge found the following facts. The defendants, Guido F. Carella and Marie N. Carella, are part owners of an apartment building in which the plaintiff, Marie Rita, has resided as a tenant-at-will since September, 1975. At all relevant times, the plaintiff's apartment was subject to Boston's rent control law. Between September of 1975 and April of 1982, the defendant charged rent that exceeded the maximum rent authorized by the board.

---

[2] The relevant portion of the ordinance states that: "(a) Any person who demands, accepts, receives, or retains any payment of rent in excess of the maximum lawful rent, in violation of the provisions of this ordinance, or any rule, regulation or order hereunder promulgated, shall be liable as hereinafter provided to the person from whom such payment is demanded, accepted, received, or retained or to the city for reasonable attorney's fees and costs as determined by the court, plus liquidated damages in the amount of one hundred dollars, or not more than three times the amount by which the payment or payments demanded, accepted, received, or retained exceed the maximum rent which could be lawfully demanded, accepted, received or retained, whichever is the greater; provided that if the defendant proves that the violation was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation, the amount of such liquidated damages will be the amount of the overcharge or overcharges."

At all relevant times, the defendants knew that the rent they were charging the plaintiff was greater than that authorized by the board. The plaintiff was not informed that her apartment was subject to rent control when she became a tenant. She did not agree to pay more rent than that authorized by the board.

The plaintiff received a letter from the board in early 1977, notifying her that the board had authorized a general increase in rents for controlled properties. After receiving the letter, the plaintiff spoke with Marie Carella about its contents. Marie Carella informed the plaintiff that there would be "trouble with the defendants' family" if the plaintiff pursued the rent issue. The plaintiff did not communicate with the board at that time. In April of 1982, the defendants sought to increase the plaintiff's rent by $45 a month and the plaintiff notified the board. The board informed the plaintiff of the maximum lawful rent for her apartment. She began paying that amount in May of 1982.

Based upon these findings of fact, the judge ruled that the defendants had failed to meet their burden of proving that their actions in violation of the ordinance were "neither willful nor the result of failure to take practicable precautions against the occurrence of the violation." § 9 (a) of the ordinance. See *Lynch* v. *Abraham*, 371 Mass. 892, 893 (1976). The plaintiff filed her complaint on August 27, 1982. Applying the one-year limitation of action provision, which the defendants had properly raised as a defense, the judge awarded the plaintiff damages, including punitive damages as permitted by the ordinance, with respect to rent charges which occurred after August 27, 1981. He also awarded reasonable attorneys' fees under the ordinance.

Next, the judge considered the plaintiff's claims under G. L. c. 93A. He found that the plaintiff had served a written demand for relief, as required under G. L. c. 93A, § 9 (3), upon Guido Carella, and that no offer of settlement was made.[3]

---

[3] The judge found that no written demand for relief was served upon Marie Carella, and he properly dismissed the plaintiff's claims under G. L. c. 93A against her.

The judge further found that the defendant's action constituted a wilful or knowing violation of c. 93A. He noted that the plaintiff's claims against Guido Carella under both G. L. c. 93A and the ordinance arose out of the same facts, and correctly posited that the plaintiff was not entitled to recover cumulative damages, although she was entitled to recover damages under the theory resulting in the larger recovery. *Wolfberg* v. *Hunter*, 385 Mass. 390, 400 (1982).

1. *Statute of limitations governing plaintiff's asserted claim under G. L. c. 93A.* The judge below, uncertain as to the applicable period of limitations, reported the question whether the plaintiff could recover damages under G. L. c. 93A for that period of time for which recovery would be barred under the ordinance by virtue of the operation of its one-year period of limitations. He expressed concern that application of the four-year statute of limitations to this claim "arguably would be inconsistent with the delegation to the City of Boston of the power to regulate rents because, as a practical matter, it would void the one (1) year statute of limitations set forth in [the ordinance]." The defendant contends that the ordinance and G. L. c. 93A provide concurrent remedies, but that G. L. c. 93A is a broader and less specific statute. He argues that the time limitation contained in the ordinance, a law which specifically addresses rent overcharges in the city of Boston, should receive deference in this case. We disagree.

We turn first to the language contained in the arguably conflicting legislation. See *Sachs* v. *Board of Registration in Medicine*, 300 Mass. 426, 428 (1938). General Laws c. 260, § 5A, as appearing in St. 1983, c. 636, § 29, establishes a four-year limitation on "[a]ctions arising on account of violations of any law intended for the protection of consumers, including but not limited to . . . chapter ninety-three A, . . . whether for damages, penalties or other relief and brought by any person." Section 9 (c) of the ordinance provides that an "[a]ction to recover liquidated damages under the provisions of this section shall not be brought later than one year after the date of violation."

"[S]tatutory language, when clear and unambiguous, must be given its ordinary meaning." *Bronstein* v. *Prudential Ins. Co.,* 390 Mass. 701, 704 (1984). The meaning of both the statute and the ordinance is clear. Chapter 260, § 5A (the statute), applies to "any person" asserting a claim under c. 93A. The period of limitations set forth in the ordinance only applies to actions brought pursuant to its terms. The Legislature did not act inconsistently in enabling the city to adopt the ordinance and in enacting the statute. The Legislature chose to delegate to the city the power to regulate rent charges. St. 1970, c. 842, § 2. The Legislature also has decided that a four-year statute of limitations should apply to actions brought under c. 93A, a statute that "created new rights and remedies for consumers." *York* v. *Sullivan,* 369 Mass. 157, 164 (1975). The relevant portions of G. L. c. 260, § 5A, were enacted in 1975, five years after the rent control enabling act was approved. We assume that the Legislature was aware of the existing ordinance at the time it enacted the latter statute. *Hadley* v. *Amherst,* 372 Mass. 46, 51 (1977). We are unwilling to read into the statute an exception pertaining to actions under the ordinance.

The defendant contends that the ordinance and the statute conflict. The defendant's argument relies upon the premise that the only relevant difference between the provisions of c. 93A and the ordinance is the difference in the length of the period of limitations. In our opinion, fundamental differences exist between the two remedies, further justifying the application of the four-year statute of limitations to the plaintiff's claim under c. 93A. "It 'is well established, that statutes alleged to be inconsistent with each other, in whole or in part, must be so construed as to give reasonable effect to both, unless there be some positive repugnancy between them.' " *Goldsmith* v. *Reliance Ins. Co.,* 353 Mass. 99, 102 (1967), quoting *Brooks* v. *Fitchburg & Leominster St. Ry.,* 200 Mass. 8, 17 (1908). No such repugnancy is present in this case.

In order to recover under c. 93A, a plaintiff must allege and prove that the "demand letter" requirement was satisfied. G. L. c. 93A, § 9 (3). The plaintiff must prove that the defendant's

actions were wilful or knowing in order to recover multiple damages under that portion of the statute. The minimum recovery for a violation of c. 93A is twenty-five dollars.

In contrast, the ordinance does not contain a demand letter provision. Furthermore, the plaintiff is entitled to multiple damages unless the defendant establishes that the rent overcharge was not "willful nor the result of failure to take practicable precautions against the occurrence of the violation." *Lynch* v. *Abraham*, 371 Mass. 892, 893 (1976). The minimum recovery under the ordinance is one hundred dollars.

It is true that, "[i]f a general statute and a specific statute cannot be reconciled, the general statute must yield to the specific statute." *Pereira* v. *New England LNG Co.*, 364 Mass. 109, 118 (1973). However, this is not such a case. The statute and the ordinance provide distinct remedies for parties to recover damages based upon rental overcharges. We recently stated that plaintiffs who sustain a claim to recover multiple damages under the rent control ordinance are precluded from duplicative recovery under c. 93A. *Scofield* v. *Berman & Sons*, 393 Mass. 95, 106 (1984). We noted, however, the plaintiffs "may recover under whichever statute offers them the greater amount of damages for the defendants' same wrongful conduct." *Id.* at 107. See *McGrath* v. *Mishara*, 386 Mass. 74, 84 (1982). We conclude that the four-year statute of limitations applies to the plaintiff's claim under c. 93A.

2. *Award of punitive damages under the ordinance.* The defendants argue that the judge erred in awarding multiple damages under the ordinance because he failed to take into account the plaintiff's "full knowledge and complicity" in paying rent in excess of the amount authorized by the board. This argument is meritless. In *Huard* v. *Forest St. Hous., Inc.*, 366 Mass, 203, 208 (1974), we noted that a rent control ordinance is "a clear statutory remedy which permits a tenant to recover amounts paid to a landlord in excess of the maximum lawful rent." We rejected the defendant's argument that the ordinance should not apply to payments made voluntarily. *Id.* Under the ordinance, the defendants were required to prove that multiple damages were not warranted. See *Lynch* v.

*Abraham, supra.* They failed to carry their burden of proof on this issue.

The relevant provision of G. L. c. 93A, § 9 (3), as amended through St. 1979, c. 406, § 2, states that "recovery shall be in the amount of actual damages or twenty-five dollars, whichever is greater; or up to three but not less than two times such amount if the court finds that the use or employment of the act or practice was a willful or knowing violation of [G. L. c. 93A, § 2] or that the refusal to grant relief upon demand was made in bad faith with knowledge of reason to know that the act or practice complained of violated said section two." In *Scofield* v. *Berman & Sons, supra,* we indicated that, if a defendant's wrongful conduct gives rise to liability under the rent control ordinance and c. 93A, the plaintiff may recover under whichever theory offers the greater amount of damages. In that case, we found no indication in the record that the plaintiffs would have received a larger damage award under c. 93A than they received under the ordinance. *Id.* at 106-107.

The case before us presents a similar situation. The plaintiff did not allege that she suffered any damages which would be compensable under G. L. c. 93A, but not compensable under the ordinance. In her complaint, the plaintiff asked that the court assess "damages" in the amount of $3,520.00. This sum represents the total amount of rent payments made in excess of the legal maximum under the ordinance between January, 1977, and April, 1982, which is a period of one year and eight months beyond the period of the statute of limitations. Thus, she sought to have damages computed under her c. 93A claim in the same manner as damages are computed under the ordinance. She further requested that this "damage" amount be doubled or trebled, and that attorneys' fees be awarded under c. 93A.

The memorandum filed by the judge below indicated that he would view the amount of the rent overcharges as constituting the plaintiff's "actual damages" under c. 93A. Applying the four-year statute of limitations, he properly noted that the amount of the overcharges during this entire period totalled $2,720. Because the plaintiff may not recover duplicative damages, she may only recover under c. 93A for that period of

time for which recovery would not be available under the ordinance. The plaintiff does not dispute the propriety of the judge's suggestion with respect to the computation of damages under c. 93A.

In remanding this case for the assessment of damages under c. 93A, we are cognizant that neither c. 93A nor our cases construing that statute provide a trial judge with clear guidance in deciding how damages should be multiplied. In *International Fidelty Ins. Co.* v. *Wilson,* 387 Mass. 841, 856 (1983), we noted that "[t]he multiple damage provisions of c. 93A are designed to impose a penalty . . . that varies with culpability of the defendant." The parties in the case before us have not addressed the issue of what standards should be applied in assessing the amount of multiple damages under c. 93A. Therefore, we choose not to address the issue at this time.

3. *Conclusion.* We answer "yes" to the reported question, and remand this case in order that damages may be assessed under c. 93A. We affirm that portion of the judge's decision which relates to the plaintiff's recovery under the ordinance.

*So ordered.*