Lopez, J.
The plaintiff Doina Contescu (“Contescu”) commenced this action against defendant Carl Col-arusso (“Colarusso”) alleging rent overcharges in violation of the Cambridge Rent Control Act, St. 1976, c. 36, §11 (a) (Count I), G.L.c. 93A (Count II), and G.L.c. 186, §18 (Count III). Plaintiff has moved for summary judgment on Counts I and II. For the reasons discussed below, partial summary judgment is granted for the plaintiff on the issue of defendants Carl and Maria Colarusso’s liability. A separate hearing must be held to assess damages.
BACKGROUND
The record in this case includes the following undisputed facts. Contescu was a tenant at 14 Mt. Auburn Street, Cambridge, Massachusetts (“the property”). The property consisted of one half of a duplex, and was owned by defendant Maria Colarusso. Neither Maria Colarusso nor her husband, defendant Carl Colarusso, lived in the other side of the duplex during Contescu’s tenancy.
From September 1, 1989 until December 31, 1991, Maria Colarusso demanded and accepted rent in the amount of $1,400 per month from Contescu. During this time period, Contescu had various roommates, however Contescu paid the full amount of rent each month from her own bank account. Despite the fact that Maria Colarusso was the record owner of the property, the rent checks were made out to Carl Colarusso, and copies of the checks bear his endorsement.
From January until April of 1992, Contescu continued to live in the property, but withheld rent from the defendants. At some point in April of 1992, Maria Colarusso sold the property to a third party. Contescu continued to live in the property until June of 1993, without paying rent.[2]
Records from the Cambridge Rent Control Board (“the Board”), dated January 11, 1994, indicate that the maximum lawful rent for the property in 1982 was $221.00 per month. The records also show that the current maximum lawful rent is $343.00 per month. The records do not indicate any interim adjustments for capital improvements, or any general rental adjustments made by the Board from 1984 until 1992.
On September 23, 1993, Contescu sent a written demand for relief pursuant to G.L.c. 93A, §9 to all defendants. On October 29, 1993, a written response was received by plaintiffs counsel. Contescu filed this complaint on December 30, 1993.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving parly is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805 (1991), accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra 404 Mass. at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
I. Count I: Violation of the Cambridge Rent Control Act
Section 11 of the Cambridge Rent Control Act (“the Act”) states: “Any person who demands, accepts, receives or retains any payment of rent in excess of the maximum lawful rent, in violation of the provisions of this act or any regulation or order hereunder promulgated, shall be liable as hereinafter provided to the person from whom such payment is demanded, accepted, received, or retained . . .” St. 1976, c. 36, §11(a) (Cambridge Rent Control Act).
It cannot be disputed that the property was subject to the Act throughout Contescu’s tenancy, as evidenced by the Board records. Furthermore, it is undisputed that Maria Colarusso demanded rent that was in some measure in excess of the lawful maximum, and Carl Colarusso accepted the monies paid. Therefore, under the express words of the Act, they are both liable for rent control violations.[3]
The fact that other individuals also lived on the property, and paid Contescu a share of the rent, is immaterial as a matter of law. The regulations clearly *618 state a person who demands or accepts rent in excess of the lawful maximum is liable “to the person from whom such payment is demanded.” It is undisputed that the Colarussos demanded and received rent payments only from Contescu.
The defendants have made much of the fact that they were granted a removal permit in 1986 for the purposes of renovations.[4] However, the Board regulations clearly state that “[w]hen a removal permit is granted, a unit shall nevertheless remain subject to all applicable provisions of the [Cambridge Rent Control] Act and Regulations until such time as it is actually removed from the rental market, and shall be subject to controls once again, if and when the unit returns to the rental market . . .” Cambridge Rent Control Regulation Series No. 46-11 (emphasis added). The Colarussos clearly returned the unit to the rental market after renovations, as evidenced by Contescu’s tenancy. Therefore, as a matter of law, the existence or nonexistence of a removal permit is irrelevant to the issue of liability for rent overcharges.
The defendants, in their opposition to summary judgment, also enumerate a list of disputed facts, all of which address the measure of damages, not liability. The Colarussos assert that the Board records do not reflect the renovations made to the property. However, the Colarussos would only be entitled to a maximum lawful rent adjustment based on capital improvements if they had applied to the Board for a rental adjustment. Cambridge Rent Control Regulation Series No. 71-02. The Board records do not show such an application, nor do the defendants contend that one was made.
The Colarussos also assert that the Board records reveal that they were entitled to charge $25.00 per month for parking, and that the property never received any general rental adjustments for the years 1984 through 1992. They further assert that any withheld rent is relevant to the final judgment in this case. All of these factual disputes concern the measure of damages, not the issue of liability.
In summary, Contescu is entitled to summary judgment on the issue of the Colarussos’ liability for violation of the rent control laws. The Colarussos have demonstrated the existence of a triable issue on the measures of damages only.
II. Count II: Violation of G.L.c. 93A, §9
The Massachusetts Consumer Protection Act, G.L.c. 93A prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce. The terms “trade” and “commerce” include the offering of any real property for rent or lease. G.L.c. 93A, §l(b). Whether the act complained of falls within the scope of unlawful conduct under G.L.c. 93A depends on the circumstances of each case. Spence v. Boston Edison Co., 390 Mass. 604 (1983). Rent overcharges by a landlord in violation of rent control law have been found to constitute an unfair or deceptive practice under G.L.c. 93A when the property in question is not owner-occupied. See Rita v. Carella, 394 Mass. 822 (1985); McGrath v. Mishara, 386 Mass. 74 (1982).
Any person injured by an unfair or deceptive act is entitled to bring an action for damages. G.L.c. 93A, §9. As a prerequisite, the plaintiff must send a written demand at least 30 days prior to filing suit. The letter must identify the claimant, reasonably describe the unfair or deceptive act, and the injury suffered. G.L.c. 93A, §9(3).
As stated earlier, it is undisputed that the Col-arussos demanded and accepted rent in excess of the lawful maximum in violation of the Cambridge Rent Control Act and regulations. It is also undisputed that Contescu complied with the requirements of a demand notice.
.1 find the unlawful rent overcharge in this case to be an unfair or deceptive practice within the meaning of G.L.c. 93A. The issue of whether the Colarussos’ acts constituted a willful or knowing violation of G.L.c. 93A, entitling Contescu to heightened damages, is an issue of fact which must be established or disproved at the damages assessment hearing.
ORDER
For the foregoing reasons, it is hereby ORDERED that plaintiffs motion for summary judgment be allowed in part and denied in part as follows:
1. Partial summary judgment is granted in favor of plaintiff Doina Contescu on the issue of defendants Carl Colarusso and Maria Colarusso’s liabilily for violation of the Cambridge Rent Control Act, as set forth in Count I of the Complaint; and violation of G.L.c. 93A as set forth in Count II of the Complaint.
2. A separate hearing will be held before this court for damage assessment in accordance with this decision.

 It is unclear whether Contescu disputes staying in the apartment until June of 1993, and/or the non-payment of rent to the new owner, although neither fact is material to the issue of the Colarussos’ liability. However, for the purposes of summary judgment only, I accept the defendants’ version of the events as true.

 None of the allegations raised in the complaint concern defendant CO-RI, Inc., therefore this decision does not address Contescu’s claim against this defendant.

 It is not clear from the record that such a removal permit was granted. The defendants have not submitted the Board’s Notice of Ruling, and in fact what they have submitted, the recommendations of a hearing officer, state that no removal permit was required since the fype of renovations planned were either necessary to correct code violations, or would not have prevented reasonable residential occupancy. Again, for purposes of summary judgment only, I accept the Colarussos’ version of the events as true.