Botsford, J.
Defendant Stan Baer seeks review of a district court judgment entered in favor of plain tiffs.[2] In the complaint, the plaintiffs Peter Grekin and Rob *490 ertson MacMillan allege that their landlord, the defendant Baer, violated the Cambridge Rent Control Act and G.L.c. 93A (1994 ed.) by charging rent in excess of the maximum lawful rent allowed on a rent-controlled apartment.
The plaintiffs have moved for summary judgment. For the following reasons the motion for summary judgment is allowed as to Count II of the plaintiffs’ complaint and denied with respect to Count I; on Count I, summary judgment is to enter against the plaintiffs pursuant to Mass.R.Civ.P. 56(c).

BACKGROUND

The summary judgment record, when considered in favor of Baer as the non-moving party, indicates the following. Baer is the owner of rental property located at 183-185 Chestnut Street in Cambridge, Massachusetts. From June, 1992 through May, 1993, Baer leased to the plaintiffs apartment no. 2 in 185 Chestnut Street (the premises). Baer charged the plaintiffs $760.00 per month. At the time the plaintiffs moved in to the premises, at Baer’s request they paid the first and last months’ rent. The plaintiffs paid Baer $760.00 in rent every subsequent month from July, 1992 through January, 1993.
In January, 1993, the plaintiffs received a notice from the Cambridge Rent Control Board (the board) indicating that the premises was a controlled rental unit and that their maximum lawful rent, set at $398.00 per month before January 12,1993, had been increased to $418.00 per month as of February.[3] On or about January 27, 1993, after receipt of the notice, plaintiffs sent Baer a letter, requesting that Baer reimburse them for their payment of rent from June, 1992 to January, 1993 in excess of $398.00. Baer did not do so.
On or about March 17, 1993, the plaintiffs, through counsel, sent Baer a demand letter pursuant to G.L.c. 93A. Baer did not respond to the demand letter as required by c. 93A, although he did telephone the attorney representing plaintiffs. At no time did Baer extend a written offer of settlement. The plaintiffs withheld payment of rent for the months of February, March, and April, 1993. (As indicated above, the plaintiffs had previously paid $760.00 for their last month’s rent (May, 1993) at the outset of the tenancy.)
During the plaintiffs’ occupancy, the apartment was a “controlled rental unit” within the meaning of the Cambridge Rent Control Act, St. 1976, c. 36 (Chapter 36). See Chapter 36, §3(b). The maximum rents calculated by the board for the apartment during the time of plaintiffs’ occupancy from June, 1992 through February, 1993 was $398.00 per month; for March and April, 1993 was $418.00; and for May, 1993, the maximum rent was $520.00.
On May 3, 1993, the plaintiffs filed their complaint in the Cambridge District Court alleging a violation of Chapter 36 as well as G.L.c. 93A. On June 15, 1993, Baer filed an answer and counterclaimed for the rent withheld by plaintiffs. After a trial before a judge of the District Court on February 7, 1994, judgment entered in favor of the plaintiffs in the amount of $10,266.00, plus attorneys fees and costs. Baer appealed to this court thereafter.[4]

DISCUSSION

The plaintiffs claim that summary judgment should be entered in their favor on the undisputed facts set forth in the transcript of the District Court trial, which they have submitted in support of their motion, and because the decision of the District Court operates as prima facie evidence under G.L.c. 231, §§102C and 104 (1994 ed.), which is not disputed on the record presented here.
Baer opposes. First, Baer claims that because he seeks review in this court under G.L.c. 231, §97 (1994 ed.), and not under G.L.c. 231, §104 (1994 ed.), he is not required to rebut the prima facie effect of the District Court decision in order to proceed to trial. Next, Baer argues that the plaintiffs’ claim under Chapter 36 as well as their c. 93A claim cannot be supported in the absence of a rent control statute.
1. By its terms, G.L.c. 231, §97 applies only to those civil actions “which could not have been removed to superior court. . .” In other words, ”[§]97 serves as a remedial substitute in those situations where a party has a right to further proceedings in the Superior Court but removal procedures are unavailable.” Godfrey v. Chief of Police of Wellesley, 35 Mass.App.Ct. 42, 45 (1993) (citations omitted).
This case is not governed by §97 because G.L.c. 231, §104[5] provided Baer a basis for removal to the Superior Court.[6] Although Baer’s counterclaim did not exceed $25,000, §104 nevertheless entitles him to a trial by the Superior Court, “subject to the provisions of [c. 231, §102C] applicable to transferred cases.”[7] G.L.c. 231, §104.
2. Baer is correct that the plaintiffs’ claim under Chapter 36 must be dismissed. The relevant rent control program in the city of Cambridge was established pursuant to St. 1970, c. 842. This statute provided that rent control would terminate April 1, 1975, but it contained a “savings clause” which directed that it would be treated as still in effect for the purpose of continuing any then pending actions for rent control violations. In 1976 the legislature enacted Chapter 36, which continued the Cambridge rent control program indefinitely, but contained no saving clause. As of January 1, 1995, as a result of the passage of referendum measure in the 1994 election, rent control was effectively repealed in Massachusetts. See St. 1994, c. 282.[8]
Although the District Court decision in this case was issued in February, 1994, while the rent control program was still in effect, Baer’s appeal in this court was pending as of January 1, 1995. As a result, there *491 was no final judgment at the point that the governing rent control statute, Chapter 36, effectively was repealed. Accordingly, the plaintiffs can claim no vested rights in that judgment. The consequence is that the plaintiffs’ claim for rent overcharges under Chapter 36, §11, a claim that depends wholly on the statute, at this point has no legal basis, and dismissal is required. Nayor v. Rent Control Bd. Of Brookline, 334 Mass. 132, 135-36 (1956). See Pittsley v. David, 298 Mass. 552, 554-56 (1923). See also Carleton v. Framingham, 418 Mass. 630, 629-32 (1994).
3. I turn to the plaintiffs’ claim under G.L.c. 93A. The first issue to consider is whether the claim has been rendered moot by the abolition of rent control.
The record shows without dispute that the plaintiffs, through counsel, sent a demand letter to Baer dated March 17, 1993, well within the period that the rent control program was in effect. The plaintiffs stated in the letter that Baer had violated G.L.c. 93A by demanding and accepting rent in excess of the maximum monthly rent set by the board, and informed him that under the statute he was required to respond within 30 days with a reasonable settlement offer. They continue to claim in this action that Baer committed an unfair or deceptive act or practice by charging them excess rent, and also by failing to make a reasonable settlement offer within 30 days, in violation of G.L.c. 93A, §9(3).
With respect to the claim concerning the rent demanded, it is clear that the charging of rent over the maximum allowed by a rent control board can violate G.L.c. 93A. See, e.g., Rita v. Carella, 394 Mass. 822, 824-25, 827 (1985); Scofield v. Berman & Sons, Inc., 393 Mass. 95, 105 n. 14, 106-07 (1984); McGrath v. Mishara, 386 Mass. 74, 84-7 (1982). The effective repeal of Chapter 36 as of January 1, 1995 does not change the fact that at the time Baer demanded and received rent from the plaintiffs, the amounts at issue were substantially above the maximum permitted by the board, and were therefore very arguably in violation of G.L.c. 93A. See cases cited immediately above. See also 940 Code Mass. Regs. §3.17(3)(a)(1) (Attorney General’s consumer protection regulation).
In contrast to Chapter 36, G.L.c. 93A remains very much in effect. Chapter 93Ais a statute that “create(s) new rights and remedies for consumers!,]” York v. Sullivan, 369 Mass. 157, 164 (1975), quoted in Rita v. Carella, supra, 394 Mass. at 826. See Heller v. Silverbranch Const. Corp., 376 Mass. 621, 624-26 (1978). The statute provides an avenue for relief that is separate and independent from Chapter 36, even though the plaintiffs’ claims of unfair or deceptive conduct arise out of the same set of facts. See Rita v. Carella, supra, 394 Mass. at 826-27.[9] Cf. Lowell Gas Co. v. Attorney General 377 Mass. 37, 42-3 (1979); DePasquale v. Ogden Suffolk Downs, Inc., 29 Mass.App.Ct. 658, 662 (1990), and cases cited.[10] The plaintiffs are entitled to pursue their remedies under c. 93A for rent overcharges that allegedly violated that statute (as well as Chapter 36) at the time it was undertaken by Baer, even though Chapter 36 itself no longer affords an available means of relief.[11]
The plaintiffs may also pursue their claim that Baer violated c. 93A by failing to make a reasonable settlement offer within 30 days. See Heller v. Silverbranch Const. Corp., supra, 376 Mass. at 627-28.
Turning to the merits of the plaintiffs’ case under c. 93A, I start, as I must, with the fact that the summary judgment record includes the finding of the District Court judge in the plaintiffs’ favor. That finding is prima facie evidence in support of the plaintiffs which must govern unless Baer’s submissions set forth “specific facts showing that there [is] a genuine issue for trial.” O’Brion, Russell & Co. v. LeMay, 370 Mass. 243, 245 (1976). Cf. Forrey v. Dedham Taxi Inc., 19 Mass.App.Ct. 955, 955 (1985) (at trial in Superior Court, plaintiff who introduces District Court decision in her favor is entitled to prevail as matter of lawunless the prima facie evidence supplied by that decision is rebutted by contrary evidence).
Baer’s position, as set forth in his affidavit filed in opposition to summary judgment, is that there are genuine issues of fact in dispute concerning whether he charged rent in excess of the maximum allowed by the board, or more particularly, in excess of the amount allowed under Chapter 36; Baer has consistently maintained in this case that the board’s calculation of the maximum rent for the apartment is seriously in error. I will assume, without deciding, that the board did make errors in its various determinations of maximum rent for the apartment during the months at issue in this case.[12] Such errors, however, are irrelevant to the dispute between the plaintiffs and Baer. Under Chapter 36, Baer was obligated to charge his tenants, the plaintiffs here, no more than the maximum allowed by the board. See Chapter 36, §11. Whatever his dispute was concerning the correctness of that maximum amount had to be resolved with the board itself,[13] and until the board changed the amount, Baer was bound by it insofar as his relations with his tenants were concerned. In sum, as a matter of law, Baer was not free unilaterally to impose his own view of the correct maximum rental amount on his tenants.[14]
Accordingly, I conclude that Baer has not shown there are material issues of fact in dispute in this case through his submissions in opposition to the plaintiffs’ summary judgment motion, with one exception. The District Court decision awards the plaintiffs treble damages on the basis that Baer’s violation of the statute was knowing or wilful. One cannot disagree that Baer’s violation was knowing: the record makes very clear that Baer admittedly knew the apartment was subject to rent control at the time he rented it to the plaintiffs, and admittedly knew he was charging the plaintiffs rent above the maximum set by the *492 board. (See transcript, p. 69.) Therefore, an award of some multiple of damages is called for under G.L.c. 93A, §9(3). I believe, however, that the transcript of the District Court trial does create a dispute about whether treble damages is appropriate in this case. I would grant the plaintiffs summary judgment on so much of their claim as seeks multiple damages up to two times the actual damages, but not three times.[15]

ORDER

For the foregoing reasons it is ORDERED that the plaintiffs’ motion for summary judgment on Count I of the complaint be denied, and summary judgment is to enter against the plaintiffs on that Count under Mass.R.Civ.P. 56(c). It is further ORDERED that the plaintiffs’ motion for summary judgment on Count II of the complaint be allowed with respect to the claim that the defendant knowingly violated G.L.c. 93A, and is subject to double damages, but be denied with respect to the claim that the defendant is subject to treble damages. It is further ORDERED that on or before February 3, 1997, the plaintiffs are to submit, through counsel, a copy of their application for attorneys fees and costs, and are to inform the Court whether they seek to pursue, at a trial, their claim for treble damages.

Grekin et al. v. Baer, Civil No. 778-93 (Dist. Ct. Dept., Cambridge Div., February 10, 1994).

The plaintiffs claim they first learned the premises apartment was a controlled rental unit under the board’s jurisdiction in January, 1993. Baer states in his affidavit that the rent-controlled status of the apartment was included in the advertisement listing the apartment at Harvard Real Estate to which the plaintiffs responded in May, 1992. For purposes of this summary judgment motion, I accept as true this representation by Baer but I do not consider it as necessarily contradicting the plaintiffs’ claims as to their actual knowledge.

No issue has been raised concerning the timeliness of Baer’s appeal. The summary judgment motion at issue here was originally filed in May, 1995. On June 8, 1995, after hearing, a judge of this court (Roseman, J.) allowed the motion, noting that the defendant Baer had not appeared at the motion hearing. (It was also the case that Baer had not filed an opposition.) Judgment entered in favor of the plaintiffs in accordance with the District Court decision. In approximately June of 1996, when Baer received notice of an impending sale of his property at 183-185 Chestnut Street to satisfy the $10,266.00 judgment, Baer filed a motion to stay the sale and to vacate the judgment on the grounds that he had not received notice of the summary judgment hearing date or the final judgment because the court sent the notices to Baer’s Cambridge address although Baer was in California. From my review of the case file in this court, it did appear that the District Court papers indicated a California address for Baer as being his address at the time his appeal was filed in the Superior Court (Baer apparently has moved back and forth between California and Cambridge during the life of this case), and that the hearing and judgment notices at issue had been erroneously sent in 1995 only to Baer’s Cambridge address. Accordingly, I vacated the judgment and held a new hearing on the summary judgment motion in July, 1996.

General Laws c. 231, §104 provides in relevant part:
[A] defendant who asserts a compulsoiy counterclaim, may, provided that . . . the amount of the compulsory counterclaim, asserted by such defendant . . . exceeds twenty-five thousand dollars, file in the district court in which the action is pending a claim of trial by the superior court. . .
A party who would have been entitled to remove the case for trial in the superior court as hereinabove provided but for the fact that the amount of the claim, counterclaim, or cross-claim, as the case may be, does not exceed twenty-five thousand dollars shall, if he desires trial by the superior court, file an entry fee of fifty dollars and bond within thirty days after notice of the [district court’s] decision or finding. Such filing shall have the same effect as a request for retransfer under [G.L.c. 231, §102C], and the decision shall be transmitted to and the case tried in the superior court subject to the provisions of said [§102C]

This is not a case in which the District Court had exclusive jurisdiction over the proceedings. Compare Gentile v. Rent Control Board of Somerville, 365 Mass. 343, 346 n. 3 (1974). Section 10(b) of St. 1976, c. 36 (Chapter 36), as amended by St. 1985, c. 399, §3, provides that “(t)he third eastern Middlesex division of the district court department and the superior court department for Middlesex County shall have concurrent original jurisdiction over actions arising out of the provisions of Section 11." Section 11 provides a civil remedy for any person who has paid rent in excess of the maximum lawful rent allowed by the board under Chapter 36.

General Laws c. 231, §102C provides in relevant part: 'The decision, and the amount of the damages assessed, if any, by a district court shall be prima facie evidence upon such matters as are put in issue by the pleadings ..."

Tbere are exceptions to the repeal for certain classes of persons, but none of the exceptions is applicable here.

In Rita v. Carella, 394 Mass. 822 (1985), the defendant landlord had charged the plaintiff tenant rent in excess of that permitted by the Boston rent board for some six years, in violation of both the Boston rent control ordinance and G.L.c. 93A. Id. at 824-25. The issue the court considered in the case was whether the tenant could recover under c. 93A for overcharges during a period of time for which a cause of action under the rent control ordinance was time-barred by its one-year statute of limitations. See id. at 825. The court concluded that the tenant could do so, because the remedy provided under c. 93A was independent of and fundamentally different from that offered by the ordinance. Id. at 826-27.

The cases cited here all deal with the application of G.L.c. 93A to conduct that is the subject of often quite pervasive governmental regulation; the courts have generally found that the existence of the regulatory statutes does not affect in any restrictive way the availability of “a broader, nonconflicting statute,” viz., G.L.c. 93A. Lowell Gas Co. v. Attorney General 377 Mass. 37, 42 (1979).

The parties have provided me with several opinions of the Boston Housing Court and an opinion of the Appellate Division of the District Courts, Northern Division. See in particular Wagsinff-Callahan v. Bianchi C.A. Nos. 94-CV-01052 and 94-CV-01593 (Boston Housing Court, Memorandum of Decision and Order on Defendants’ Consolidated Motion to Dismiss or for Summary Judgment and on Plaintiffs’ Cross Motion for Partial Summary Judgment, July 31, 1995); Landis v. Moon, case No. 9358 (Appellate Division of the District Courts, Northern District, Middlesex County, July 8, 1996). As the discussion in the text indicates, I agree with the decision of the Housing Court, but not that of the Appellate Division.

See p. 3 above, where these rent amounts are set forth.

Chapter 36 contains specific provisions to enable a landlord or a tenant to seek adjustments in the established rent for a controlled rental unit. See Chapter 36, §8. See also id., §10 (providing for judicial review of any action, regulation or order of the board).

There is some suggestion in Baer’s affidavit of a dispute concerning the plaintiffs’ position that they did not know until receiving notification from the board in January, 1993, either that the apartment was subject to rent control, or that the board had set a different maximum rent than what Baer was charging them. (See note 3 above.) I will again assume, without deciding, that a landlord of an apartment subject to rent control would not violate G.L.c. 93Ain a case where the tenants were informed of the apartment’s rent controlled status and maximum rental charge permitted by the board, but agreed nonetheless with the landlord to pay a rent in excess of that maximum. In this case, however, the summary judgment record, viewed in the light most favorable to Baer, indicates that while the tenants may possibly have known, or arguably should have known, about the rent controlled status of the apartment when they entered the lease, Baer affirmatively told them that the maximum rent indicated in the board’s records was wrong, and thus presumably, not operative. (See Baer’s affidavit submitted in opposition to summaryjudgment, 19.) Such a statement on Baer’s part qualifies as deceptive under G.L.c. 93A, since (1) as discussed in the text above, Baer had no authority to impose on his tenants, without prior board approval, his own position about the proper rent to be charged under Chapter 36; and (2) his tenants were not obliged to prove actual reliance on Baer’s statement, since proof that the misrepresentation was causally related to the plaintiffs’ damages is enough. See, e.g., FraserEng'g Co. v. Desmond, 26 Mass.App.Ct. 99, 104 (1988). That proof exists here.

In view of my conclusion that the plaintiffs prevail on their first c. 93A claim, I have not discussed the plaintiffs’ second claim that Baer failed or refused to make a reasonable settlement offer “in bad faith with knowledge or reason to know that the act or practice complained of violated [c. 93A] §2." G.L.c. 93A, §9(3). I note, however, that the summary judgment record does not appear to rebut the prima facie effect of the District Court decision, except again insofar as treble damages are concerned.