Toomey, J.
Plaintiffs, Robert Zoppo (“Mr. Zoppo”) and Marilyn Zoppo (“Ms. Zoppo”), originally brought this action against John Hancock Insurance Company (“John Hancock”) alleging breach of contract and violation of G.L.c. 93A. The complaint was subsequently amended to include the Group Insurance Commission (“GIC”) as a party defendant. The GIC has now moved for summary judgment on Count IV[1] of plaintiffs’ Amended Complaint, which alleges violation of c. 93A, on the grounds that the GIC cannot be subject to liability under c. 93A as (1) it is not a “person” under the terms of c. 93A; (2) it is not engaged in “trade or commerce” within the meaning of c. 93A; and (3) plaintiffs’ dispute with the GIC arises out of the terms and conditions of Ms. Zoppo’s employment with the Commonwealth, which circumstance of employment removes the instant dispute from the reach of c. 93A. The GIC also contends that it is entitled to summary judgment as the Zoppos failed to comply with c. 93A’s requirements regarding demand letters. The Zoppos respond that the GIC is subject to the provisions of c. 93A, as this Court ruled in its Order of October 31, 1996 [6 Mass. L. Rptr. No. 7, 137 (January 13, 1997)], and that their demand letter satisfied the requirements of c. 93A. For the reasons set forth below, the GIC’s motion is allowed.*
*530 BACKGROUND
The following facts are undisputed. Through the GIC, the Commonwealth provides its employees and their families with health insurance coverage pursuant to a state indemnity health insurance plan (“the Plan"). John Hancock acts as the Plan’s administrator under a contract between John Hancock and the GIC. G.L.c. 32A, §4A. Ms. Zoppo is an employee of the Commonwealth. Therefore, as the spouse of Ms. Zoppo, Mr. Zoppo is insured under the Plan.
On April 12, 1995, pursuant to the Plan, Mr. Zoppo forwarded a request to John Hancock for predetermination of coverage for his back surgeiy scheduled for April 26, 1995. On April 19, 1995, John Hancock denied coverage, determining that back surgery was not medically necessary due to “an inadequate trial of nonoperative treatment.” Upon receiving Mr. Zoppo’s request for reconsideration, John Hancock, on April 26, 1995, reaffirmed its decision. Despite John Hancock’s denial of coverage, Mr. Zoppo underwent the back surgery and, thereafter, requested that John Hancock again reconsider its determination not to cover. John Hancock, on May 25, 1995, reaffirmed its negative decision.
On June 6, 1995, the Zoppos forwarded a demand letter to John Hancock stating that Hancock’s denial of Mr. Zoppo’s claim violated c. 93A. They also appealed the Hancock decision to the GIC which, on September 19, 1995, affirmed Hancock’s refusal to cover. On December 27, 1995, the Zoppos then filed a complaint against John Hancock in Superior Court, and, on April 3, 1996, they amended that, complaint to include the GIC as a defendant.
DISCUSSION
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). With respect to any claim on which the moving party will not have the burden of proof at trial, the movant may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion . . .” Pederson, 404 Mass. at 17.
General Laws c. 93A, §9(3) provides that ”[a]t least thirty days prior to the filing of any [action under §9], a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injuiy suffered, shall be mailed or delivered to any prospective respondent.” (Emphasis added.) Therefore, a statutory prerequisite to the filing of a suit asserting a G.L.c. 93A, §9 claim is the delivery of a demand letter to each defendant. See Rita v. Carella, 394 Mass. 822, 824 n.3 (1985) (noting that a demand letter sent to one defendant was not effective against another defendant).
The GIC, during oral argument on April 6, 1998, reported that it never received a c. 93A demand letter from the Zoppos. The only demand letter forwarded by the Zoppos was addressed to John Hancock and made no reference to the GIC or to any wrongdoing allegedly committed by the GIC.
That submission by the GIC requires a response from the Zoppos. See McCarthy v. Framingham Cooperative Bank, No. 922317B, 1995 WL 808672, at *3 (Mass. Super. June 20, 1995) (“Because [the GIC] presented] specific facts showing that plaintiffs did not comply with the requirements of §9(3), the burden shifts to the plaintiffs to provide specific facts raising a genuine issue of material fact”). The Zoppos have, however, submitted no evidence that they sent the GIC a demand letter pursuant to c. 93A.[2] Because §9 requires that a separate demand letter be sent to each defendant, see Rita, 394 Mass. at 824 n.3, and because the Zoppos failed to send a demand letter to the GIC within the time set forth in §9(3), the GIC’s motion as to plaintiffs’ c. 93A claim will be allowed.
Insofar as the Court has determined that the Zoppos’ failure to serve the GIC with a demand letter as required by c. 93A is fatal to their remaining claim, it is unnecessary for the Court to address the GIC’s other arguments. The Court notes, however, that those arguments seek, at bottom, a reconsideration of that portion of this Court’s Order, dated October 31, 1996, which held that the GIC is “a person” engaged in “trade or commerce” within the meaning of c. 93A [6 Mass. L. Rptr. No. 7, 137 (January 13, 1997)]. This Court would be disinclined, were it even to reach the issue, to vacate its view that, in the particular circumstances, the Legislature intended that the GIC be subject to the provisions of c. 93A. Nothing in the cases cited by the GIC, Peabody N.E., Inc. v. Town of Marshfield, 426 Mass. 436 (1998), Bretton v. State Lottery Comm’n, 41 Mass.App.Ct. 736 (1996), rev. denied, 424 Mass. 1103 (1997), and Ryder v. Group Insurance Commission, Civil No. 96-2402-C, at 4 n.2 (Boston Super. Ct. April 3, 1997) (Order on Defendant Group Insurance Commission’s Motion to Require Plaintiff to Submit to Medical Examination), compels a contrary result.
*531 ORDER
It is hereby ORDERED that the GIC’s Motion for Summary Judgment as to plaintiffs’ G.L.c. 93A claim is ALLOWED.

 Editor’s Note: For another reported opinion in this matter see 6 Mass. L. Rptr. No. 8, 153 (January 20, 1997).

 Count IV is the only remaining cause of action against the GIC. Counts I and II, which were against John Hancock, were dismissed by this Court’s Order dated October 31, 1996 [6 Mass. L. Rptr. No. 7, 137 (January 13, 1997)]. Count III, breach of contract, was dismissed as moot by agreement of the parties on February 20, 1998.

 Although the Zoppos submitted a c. 93A demand letter in their motion papers, that letter was addressed only to John Hancock, and service of a c. 93A demand letter on John Hancock does not constitute service of same on the GIC. See, e.g., Rita v. Carella, 394 Mass. 822, 824 n.3 (1985).