Hillman, J.
This matter is before this Court on the defendants’ motions to dismiss pursuant to Mass.R.Civ.P. 12(b)(6) and 12(b)(9). The defendants assert that a prior order of the Superior Court precludes the plaintiffs’ complaint alleging violations of G.L.c. 93A. The defendants argue, in the alternative, that this action is barred by the statute of limitations and that the plaintiffs’ first complaint precludes this complaint. For the following reasons, the defendants’ motions to dismiss are DENIED.
BACKGROUND
In July of 1994, the plaintiffs purchased a 1994 Isuzu Rodeo from defendant North End Isuzu. The Isuzu Rodeo and its occupant restraint system was designed, manufactured, and distributed by or through defendant American Isuzu Motors, Inc. On or about April 18, 1995, plaintiff Renee Towne was driving the Isuzu Rodeo, with her seatbelt fastened, on Route 110 in Sterling, Massachusetts when she was involved in a motor vehicle accident. In the course of the accident, the Rodeo’s occupant restraint system failed, the vehicle rolled over, and Towne was thrown across the vehicle’s interior and partially through the passenger-side window. As a result of the accident, Towne suffered injuries.
In April of 1998, the plaintiffs filed a product liability case against the defendants alleging negligence and breach of warranty, seeking recovery for personal injuries and loss of consortium. See Towne v. North End Isuzu, Inc., No. 98-0895A (Worcester Sup. Ct.) [“Towne I"). In September of 1998, plaintiffs mailed the defendants a written demand for relief pursuant to G.L.c. 93A. After waiting the statutory thirty days, the plaintiffs moved to amend their complaint to add, inter alia, c. 93A claims. This Court (Donohue, J.) denied the motion. As a result, the plaintiffs filed a new action alleging, inter alia, violations of c. 93A. The defendants now move to dismiss this second complaint.
DISCUSSION
A. Mass.R.Civ.P. 12(b)(6) Standard
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the allegations of the complaint, as well as any reasonable inferences to be drawn from them in the plaintiffs’ favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. “The plaintiffs need only surmount a minimal hurdle to survive a motion to dismiss for failure to state a claim.” Bell v. Mazza, 394 Mass. 176, 184 (1985). A “complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
*341 B. Application of Mass.R.Civ.P. 12(b)(6) Standard to Chapter 93A Claim
1. Prior Ruling by this Court
In opposing the plaintiffs’ motion to amend in Towne I, the defendants asserted that since the plaintiffs did not send a c. 93A demand letter prior to filing their complaint, the plaintiffs could not pursue a c. 93A claim against the defendants. The plaintiffs’ motion to amend was denied. The defendants now assert that because the Court (Donohue, J.) denied the motion to amend, the filing of this c. 93A complaint is an attempt by the plaintiffs to circumvent the court’s order and disregard the pre-suit demand requirements of c. 93A, §9(3). This Court disagrees with the reasoning of the defendants on this matter.
Chapter 93A, §9(3) mandates that a claimant wishing to file a suit for violations of c. 93A must send a written demand for relief to the prospective defendant at least thirty days prior to suit. The thirty-day requirement is a prerequisite to suit, to be alleged and proved. York v. Sullivan, 369 Mass. 157, 163 (1975). This Court agrees that the purpose of the demand letter requirement is to provide the prospective defendant with an opportunity to investigate the claims asserted, to evaluate the validity of the claims, and possibly effectuate a settlement of the claims. Spring v. Geriatric Authority of Holyoke, 394 Mass. 274, 289 (1985). This requirement, however, is a prerequisite only to an action under c. 93A, §9, and is not a prerequisite to any other remedy available to aggrieved parties. Id. at 164. “The statute created new rights and remedies for consumers; it was not designed to limit their preexisting rights and remedies, or to create obstacles to their pursuit.” Id., citing Comm. v. DeCotis, 366 Mass. 234, 244 n.8 (1974). In York, the first suit filed was nonstatutory and the court held that “(s]uch claims can be made apart from G.L.c. 93A. §9, without compliance with the requirements of that section.” York, 369 Mass. at 164, quoting Baldassari v. Public Fin. Trust, 369 Mass. 33, 39 (1975).
Here, the plaintiffs sent a demand letter to the defendants prior to filing their c. 93A complaint. This meets the demand requirement of c. 93A, §9. Contrary to the defendants’ assertion, the plaintiffs need not have filed this pre-suit demand letter prior to the filing of any action against the defendants, but merely before the c. 93A claims are propounded, either by a motion to amend the original suit, or in a separate suit. The plaintiffs thus met their pre-suit requirements.
The defendants argue that allowing the plaintiffs to file a second suit based on c. 93A circumvents this Court’s prior ruling (Donohue, J.). The prior decision, however, ruled that the plaintiffs could not amend their complaint, and they have not done r o. Further, the defendants have not cited any cases that state that a second filing by a plaintiff must be barred. In Davila v. Heidelberg North America, Inc., U.S.D.C. No. 95-30218 (Neiman, M.J.) (June 13, 1997), the court refused to allow the plaintiffs to add their c. 93A claim because the plaintiffs failed to file it within the time period allowed in the court’s pre-trial order and the plaintiffs had notice of the possible claim since the original claim was filed. The court did not allow the plaintiff to add a c. 93A claim once the suit was filed in Benevides v. Eldredge, Appeals Court No. 90-J-887 (Kass, J.) (Dec. 20, 1990), but this Court is not obliged to follow such a summary decision, with no facts presented, that has not been followed since the ruling.
As such, taking the facts in the light most favorable to the plaintiffs, the defendants have not established that this Court’s prior ruling precludes the plaintiffs from filing a second suit based on c. 93A. Thus, this Court will not allow the defendants’ motions based on this argument.
2. Statute of Limitations
The defendants assert that the plaintiffs’ c. 93A claims are time-barred because they arise out of their negligence and breach of warranty actions which the defendants allege have a three year limitations period and the plaintiffs filed their c. 93A complaint three years and eight months after the cause of action accrued. The defendants’ argument is so lacking in merit that this Court is reluctant to afford it any attention, but nevertheless will do so.
Chapter 260, §2A states that claims for personal injuries must be commenced within three years after the cause of action accrues. Pursuant to G.L.c. 260, §5A, actions arising out of consumer protection laws shall be commenced within four years after the cause of action accrues. There is no case law which states, in any way, that c. 93A claims which are for personal injuries do not have four years in which to file. In fact, in Rita v. Carella, 394 Mass. 822 (1985), the Supreme Judicial Court addressed a similar issue. In Rita, the plaintiffs filed a case alleging violations of a local rent ordinance that had a one-year statute of limitations, and violations of c. 93A with its four-year statute of limitations. Id. at 824-25. The court would not read into the c. 93A statute an exception pertaining to actions under the ordinance. Id. at 826. The court quoted, “It is well established that statutes alleged to be inconsistent with each other, in whole or in part, must be so construed as to give reasonable effect to both, unless there be some positive repugnancy between them.” Id. at 826, quoting Goldsmith v. Reliance Ins. Co., 353 Mass. 99, 102 (1967), citation omitted.
No such repugnancy is present in this case. Here, the plaintiffs filed their negligence and breach of warranty actions within three years of the date of accrual. The plaintiffs then filed their claims under c. 93A within four years of the date of accrual. The plaintiffs have clearly met their responsibilities with respect to filing deadlines. Negligence/breach of warranty actions and c. 93A actions provide distinct remedies for parties to recover. These plaintiffs can recover under *342 any and all theories for the defendants’ same wrongful conduct.
The defendants cite McDonough v. Marr Scaffolding Co., 412 Mass. 636, 642-43 (1992), stating that because the McDonough plaintiff was prohibited from recasting the negligence claim as a breach of warranty claim in order to avoid being barred by the negligence statute of limitations, these plaintiffs are prohibited from filing a c. 93A claim. The McDonough plaintiff, however, was recasting the claims, while these plaintiffs are adding claims, in addition to those already filed within the appropriate statutory period.
Thus, this Court concludes that the four-year statute of limitations applies to the plaintiff claim under c. 93A. As such, taking the facts in the light most favorable to the plaintiff, the defendants have not established that the plaintiffs’ complaint should be dismissed on these grounds.
C. Mass.R.Civ.P. 12(b)(9) Standard and Application
Mass.R.Civ.P. 12(b)(9) allows a party to move for dismissal where a prior action is pending between the two parties in the Commonwealth. Although the rule does not indicate that the issues in the two cases must be the same, case law denotes that this is a prerequisite to dismissal. See Striar v. Cooper, 6 Mass.App.Ct. 841, 842 (1978); Conant v. Sherwin L. Kantrovitz, P.C., 29 Mass.App.Ct. 998, 999 (1990), rev. denied, 409 Mass. 1103 (1991).
In this case, the plaintiffs’ first complaint (Towne I) alleges facts which make out a claim for, inter aka, negligence. The plaintiffs will need to prove that the defendants owed them a duly, that the duty was breached, and that the defendants caused them harm. The plaintiffs’ second complaint makes out a claim for violations of c. 93A. In order to recover, the plaintiff will need to prove that the demand letter requirement was met, and that the defendants’ actions violated consumer protection statutes. Although the facts in both complaints are similar, each demand for relief requires different methods of proof. In other words, jurors may believe that a set of facts amounts to a cause of action under one theory, but not another. As such, even though the claims arise out of the same set of facts, the demands for relief differ such that the two cases are not the same.
As such, taking the facts in the light most favorable to the plaintiffs, the defendants have not established that the plaintiffs are precluded by Mass.R.Civ.P. 12(b)(9) from filing their c. 93A claims.
ORDER
It is hereby ordered that American Isuzu Motors Inc.’s motion to dismiss and North End Isuzu, Inc.’s motion to dismiss are DENIED.